■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SIMON KIM, Appellant. [738 NYS2d 578] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered March 8, 2001, convicting him of arson in the third degree (three counts) and reckless endangerment in the first degree (two counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the convictions of arson in the third degree under counts six and seven of the indictment and reckless endangerment in the first degree under count eight of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The charges concern three fires that occurred at the defendant's commercial building on March 23, 1999, May 7, 1999, and September 3, 1999. The pivotal issue on this appeal is whether circumstantial evidence established that the defendant intentionally set those three fires. We find that the evidence was not legally sufficient to support the convictions on the charges relating to the fires that occurred on March 23, 1999, and May 7, 1999. Viewing the evidence adduced as to those charges in the light most favorable to the prosecution, no "valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial" (*People v Williams,* 84 NY2d 925, 926; *People v Beyor,* 272 AD2d 929). Therefore, the defendant's convictions of arson in the third degree under counts six and seven and reckless endangerment in the first degree under count eight of the indictment must be reversed, and those counts of the indictment dismissed.

However, viewing the evidence adduced as to the charges of arson in the third degree under count five and reckless endangerment in the first degree under count 11 of the indictment, which relate to the fire that occurred on September 3,

1999, in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see,* CPL 60.22 [1]; *People v Breland,* 83 NY2d 286, 294; *People v Steinberg,* 79 NY2d 673, 682; *People v Smith,* 55 NY2d 945, 946; *People v Glasper,* 52 NY2d 970, 971). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt as to those charges was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. S. Miller, J.P., Friedmann, Adams and Cozier, JJ., concur.