■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEROME CHERRY, Appellant. [753 NYS2d 741] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered June 20, 2000, convicting him of murder in the second degree and robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's arguments that the police lacked probable cause to arrest him are unpreserved for appellate review since he did not raise those specific arguments before the hearing court (*see* CPL 470.05 [2]). In any event, the record clearly supports the hearing court's determinations that the defendant's arrest was based upon probable cause and that his subsequent statements made to law enforcement officials were given after he validly waived his *Miranda* rights (*see Miranda v Arizona*, 384 US 436).

The Supreme Court properly admitted testimony related to a prior bad act of the defendant. This evidence is generally inadmissible unless, as in the instant case, it is relevant to the defendant's identity (*see People v Hudy*, 73 NY2d 40; *People v Alvino*, 71 NY2d 233; *People v Ventimiglia*, 52 NY2d 350; *People v Molineux*, 168 NY 264).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80). Feuerstein, J.P., Krausman, McGinity and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH COVINGTON, Appellant. [753 NYS2d 741] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered September 3, 1998, convicting him of criminal sale of a controlled substance in the fifth degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738; *People v Paige*, 54 AD2d 631; *cf., People v Gonzalez*, 47 NY2d 606). Florio, J.P., S. Miller, Friedmann, Townes and Mastro, JJ., concur.