■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYAN LAWES, Appellant. [790 NYS2d 481]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosengarten, J.), rendered March 15, 2001, convicting him of murder in the second degree, manslaughter in the second degree, robbery in the first degree, robbery in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his statements were the product of an illegal stop and frisk is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]). In any event, the defendant's contention is without merit.

The factual findings and credibility determinations of a hearing court are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record (*see People v Cameron,* 6 AD3d 546 [2004]; *People v Cunningham,* 307 AD2d 366, 367 [2003]). The evidence adduced at the suppression hearing supports the Supreme Court's denial of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant's contention, he was not illegally detained when police detectives approached him and requested that he accompany them to the precinct for investigatory questioning. The detectives were in plain clothes, no weapons were drawn, no force was used, and no commands were given. A reasonable person under the circumstances would not have believed that the conduct of the detectives or their request was a significant limitation on his or her freedom (*see People v Bora,* 83 NY2d 531 [1994]). The fact that the defendant was superficially frisked before he voluntarily entered the police car, without more, did not require the conclusion that the defendant was in custody when he was questioned (*see People v Morales,* 65 NY2d 997, 998 [1985]).

The defendant's remaining contentions are without merit. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.