(January 31, 2006)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON WALKER, Appellant. [808 NYS2d 223]—

Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered December 18, 2003, convicting defendant, after a jury trial, of murder in the second degree (two counts), burglary in the first degree (two counts), robbery in the first degree (two counts) and robbery in the second degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. Other participants in the crime made inculpatory statements that also inculpated defendant and provided the investigating detectives with probable cause for his arrest. In particular, one of the perpetrators made a videotaped statement that specified defendant's role in the crime, and the record establishes that this statement was part of the evidence before the suppression court. Although the detectives who arrested defendant did not testify, the only reasonable inference that can be drawn from the evidence is that these detectives, who were working on the same investigation, acted on the basis of a communication from the detective who had interviewed the other perpetrators (see People v Gonzalez, 91 NY2d 909, 910 [1998]; People v Mims, 88 NY2d 99, 113-114 [1996]; People v Johnson, 281 AD2d 183 [2001], lv denied 96 NY2d 903 [2001]).

The court's curative actions were sufficient to prevent defendant from being prejudiced by uncharged crimes evidence (see People v Davis, 58 NY2d 1102, 1104 [1983]; People v Santiago, 52 NY2d 865 [1981]).

The court properly exercised its discretion in precluding defendant from making a misleading summation argument that would have taken unfair advantage of a prior ruling that had excluded certain evidence (see People v Tankleff, 84 NY2d 992 [1994]; People v Galloway, 54 NY2d 396, 399 [1981]; see also

*People v Scarola*, 71 NY2d 769, 777 [1988]). To the extent that defendant is raising a constitutional claim, such claim is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit.

Defendant's remaining contentions, including his Confrontation Clause argument, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Andrias, Friedman, Marlow and Gonzalez, JJ.