■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE PHILIPS, Appellant. [818 NYS2d 227]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered April 10, 2000, convicting him of rape in the first degree, sodomy in the first degree (two counts), and attempted sodomy in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, his statements to law enforcement officials, and physical evidence.

Ordered that the judgment is affirmed.

The arresting officer had probable cause to arrest the defendant pursuant to the "fellow officer rule" (*see People v Ramirez-Portoreal,* 88 NY2d 99, 113-114 [1996]; *People v Parris,* 83 NY2d 342 [1994]; *People v Lypka,* 36 NY2d 210, 213 [1975]; *People v Artist,* 300 AD2d 671 [2002]).

The defendant's contention that the County Court improperly denied that branch of his omnibus motion which was to suppress inculpatory statements he made after his arrest is partly unpreserved for appellate review (*see* CPL 470.05 [2]). The defendant never argued before the hearing court that questioning by Detective Partee could commence only after "such a definite, pronounced break in the questioning that the defendant may be said to have returned, in effect, to the status of one who is not under the influence of questioning" (*People v Robertson,* 133 AD2d 355 [1987]; *see* CPL 470.05 [2]; *People v Cherry,* 302 AD2d 472 [2003]). In any event, there is no basis for disturbing the factual findings and credibility determinations of the hearing court, which are entitled to great deference on appeal (*see People v Prochilo,* 41 NY2d 759, 761 [1977]; *People v Lawes,* 15 AD3d 417, 418 [2005]; *People v Guarino,* 267 AD2d 324, 325 [1999]).

The record supports the hearing court's finding that the statements were voluntarily made after the defendant waived his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]; *People v Tissiera,* 22 AD3d 611 [2005]).

The defendant's claim that the search of his vehicle was unlawful is unpreserved to the extent that he argues that the search exceeded the scope of any consent (*see* CPL 470.05 [2]; *People v Huntley,* 237 AD2d 533 [1997]). In any event, as the hearing court properly found, the defendant consented to the search of his car.

The defendant's contentions in point five of his brief and point four of his supplemental pro se brief regarding the court's conduct at the suppression hearing, and his contention in point six of his brief regarding the numerical composition of the lineup, are unpreserved for appellate review. The defendant's remaining contentions, including those raised in his supplemental pro se brief, are without merit, based on matter dehors the record, or were forfeited by the defendant's plea of guilty. Crane, J.P., Rivera, Fisher and Dillon, JJ., concur.