█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENNY MONROE, Appellant. [854 NYS2d 472]—

The issue of whether the defendant's oral statement to the police was sufficiently corroborated by independent evidence that a crime had been committed is unpreserved for appellate

review and, in any event, is without merit (*see* CPL 60.50; *People v Booden,* 69 NY2d 185 [1987]; *People v Murray,* 40 NY2d 327 [1976], *cert denied* 430 US 948 [1977]; *People v Reade,* 13 NY2d 42, 46 [1963]). Moreover, the issue as to whether the additional evidence of the crime together with the defendant's confession was legally sufficient to establish the defendant's guilt of assault in the first degree beyond a reasonable doubt is also unpreserved for appellate review and, in any event, is without merit (*see* Penal Law § 120.10 [1]).

The trial court properly declined to give a missing witness charge, as the People established that the victim was not in their control and was unavailable to testify (*see People v Bryant,* 11 AD3d 630, 631 [2004]).

The defendant's contention that the trial court's failure to charge the jury in accordance with CPL 60.50 constituted reversible error is unpreserved for appellate review since the defendant never requested such a charge (*see* CPL 470.05 [2]; *People v Schleyer,* 236 AD2d 835, 836 [1997]; *People v Coombs,* 184 AD2d 651, 652 [1992]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to the convictions (*see People v Rutledge,* 286 AD2d 962 [2001]; *People v Coombs,* 184 AD2d 651 [1992]).

The defendant was afforded meaningful representation under both the Federal and State Constitutions (*see Strickland v Washington,* 466 US 668 [1984]; *People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137 [1981]). Lifson, J.P., Ritter, Florio and Carni, JJ., concur.