THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYSEAN BELL, Appellant. [926 NYS2d 916]

The defendant's contention that the police failed to establish probable cause for his arrest on the ground that the arresting officers did not testify at the suppression hearing was improperly raised for the first time on the defendant's motion for leave to reargue his omnibus motion (*see* CPL 470.05 [2]; *People v Cherry*, 302 AD2d 472 [2003]). In any event, contrary to the defendant's contention, the testimony of the detective who investigated the case was sufficient to support the hearing court's determination that there was probable cause for his arrest. Although the arresting officers did not testify, the hearing court properly inferred that they acted at the direction of the testifying detective, who had knowledge sufficient to establish probable cause (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113-114 [1996]; *People v Rumble*, 60 AD3d 791 [2009]; *People v Walker*, 25 AD3d 504 [2006]; *see also People v Ketcham*, 93 NY2d 416, 421 [1999]).

The defendant's challenge to the legal sufficiency of the evidence corroborating his confession, as required by CPL 60.50, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Monroe*, 49 AD3d 900, 900-901 [2008]). In any event, the defendant's confession was sufficiently corroborated by independent evidence (*see* CPL 60.50; *People v Booden*, 69 NY2d 185, 187-188 [1987]). The defendant's related contention that the trial court's failure to charge the jury in accordance with CPL 60.50 constituted reversible error is unpreserved for appellate review since the defendant never requested such a charge, and, in any event, any error was harmless (*see* CPL 470.05 [2]; *People v Monroe*, 49 AD3d at 901; *People v Rutledge*, 286 AD2d 962 [2001]; *People v Coombs*, 184 AD2d 651, 652 [1992]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004];

*People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Angiolillo, J.P., Dickerson, Hall and Roman, JJ., concur.