■ The People of the State of New York, Respondent, v Javaughn Higgins, Appellant. [997 NYS2d 497]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Guidice, J.), rendered September 25, 2006, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Feldman, J.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the statements he made to law enforcement officials should have been suppressed. However, the specific argument asserted by the defendant on appeal to support this contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Fowler*, 101 AD3d 898, 898 [2012]; *People v Philips*, 30 AD3d 620, 620 [2006]). In any event, the defendant's contention is without merit. Accordingly, the Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

The defendant's challenge to the legal sufficiency of the evi-

dence corroborating his confession, as required by CPL 60.50, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Bell*, 86 AD3d 618, 618 [2011]). In any event, the defendant's confession was sufficiently corroborated by independent evidence (*see* CPL 60.50; *People v Booden*, 69 NY2d 185, 187-188 [1987]). The defendant's related contention that the trial court's failure to charge the jury in accordance with CPL 60.50 deprived him of a fair trial is unpreserved for appellate review, since the defendant never requested such a charge (*see* CPL 470.05 [2]; *People v Bell*, 86 AD3d at 618; *People v Monroe*, 49 AD3d 900, 901 [2008]). In any event, the contention is without merit. CPL 60.50 provides that a person may not be convicted of any offense solely upon his or her confession or admission without additional proof that the offense charged has been committed. Here, the defendant's confession was sufficiently supported by independent corroborative evidence that the offenses of which the defendant was convicted were committed. Thus, the absence of a charge in accordance with CPL 60.50 did not deprive the defendant of a fair trial (*see People v Crimmins*, 36 NY2d 230, 237-238 [1975]). Furthermore, defense counsel's failure to move to dismiss on the ground of lack of corroboration and to request a charge in accordance with CPL 60.50 did not constitute ineffective assistance of counsel (*see People v Santiago*, 22 NY3d 740, 749 [2014]; *People v McGee*, 20 NY3d 513, 518 [2013]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Hall, J.P., Cohen, Hinds-Radix and LaSalle, JJ., concur.