People v Dawson (2019 NY Slip Op 04400)





People v Dawson


2019 NY Slip Op 04400


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2016-09609
 (Ind. No. 105/15)

[*1]The People of the State of New York, respondent,
v
Jason Dawson, appellant.


Janet E. Sabel, New York, NY (Justine M. Luongo, David Crow, and Kirkland & Ellis LLP [Shireen A. Narday, Mark B. Salomon, and Michael Murray], of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Katherine A. Triffon of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (James P. Griffin, J.), rendered August 15, 2016, convicting him of arson in the fourth degree, criminal contempt in the first degree, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of arson in the fourth degree and other offenses arising out of an incident in which a fire occurred in the apartment of the defendant's former girlfriend. The prosecution introduced the testimony of the former girlfriend and a statement made by the defendant to an investigator, both of which established that the couple argued immediately before the fire started, that the defendant was alone in the apartment at the time the fire started, and that he was aware of the fire in the apartment before he left the premises. Additionally, the prosecution presented the testimony of the investigating fire marshal indicating that two separate fires had originated in different rooms of the apartment, that neither fire could have started the other, and that the fire was not caused by any electrical problem or by the discarding of a lit cigarette.
Contrary to the defendant's contention, the evidence presented by the prosecution at trial was not legally insufficient. Rather, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. While the defendant faults the lack of direct evidence that he intentionally set the fires, proof of arson often requires the prosecution to establish its case with circumstantial evidence (see People v Piazza, 48 NY2d 151, 158). Here, the defendant's intent to set the fires and to damage the victim's property can reasonably be inferred from the evidence presented at trial (see generally People v Kim, 290 AD2d 459, 459-460; Matter of Luis C., 222 AD2d 268, 269; People v Amato, 173 AD2d 714, 715).
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless [*2]accord great deference to the fact finder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Given the ample corroborative evidence adduced by the prosecution at trial, any error by the Supreme Court in declining to instruct the jury with respect to the need for corroboration of an admission (see CPL 60.50) did not deprive the defendant of a fair trial and does not warrant reversal (see People v Higgins, 123 AD3d 1143, 1144; People v Bell, 86 AD3d 618; People v Buster, 245 AD2d 460, 461; People v Coombs, 184 AD2d 651).
MASTRO, J.P., LEVENTHAL, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court