■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK HAWKINS, Appellant. [598 NYS2d 72] —Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered November 13, 1991, convicting him of attempted robbery in the first degree (two counts) and attempted robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At a combined *Huntley* and *Wade* hearing it was revealed that each police officer who testified at the hearing had discarded the piece of paper upon which he had transcribed a description of the defendant. Sergeant Carozza recorded the description as soon as he received it over the police radio and Officer Paci recorded it after obtaining a statement from the complainant. Prior to trial the defendant asked the court, in order of preference and in the alternative, to (1) dismiss the indictment, (2) preclude the officers from testifying, or (3) deliver an adverse inference charge. The court stated that it would consider an appropriate sanction at the close of the trial. The People did not offer the officers' testimony at trial and the complainant did not testify with respect to the description of the defendant.

During the precharge conference defense counsel submitted a written request to charge, which read in pertinent part as follows: "Because Officer Paci did not preserve the piece of paper, you may draw an adverse inference against him for his failure to do so. You may, but are not required to, conclude that had that piece of paper been produced at this trial, the description of the perpetrator on that piece of paper would have differed from the description given by [the complainant] at this trial". The trial court was correct in denying this request. The need for such a charge had been rendered academic because Officer Paci did not testify at trial, and the complainant did not testify as to the description of the defendant which she reported to the police. The defendant's failure to request any other type of adverse inference charge renders his present claim unpreserved for appellate review *(see, People v Rogelio,* 79 NY2d 843; *People v Sheppard,* 185 AD2d 904; *People v Valentine,* 182 AD2d 655; *People v Hilliard,* 173 AD2d 559), and dismissal of the indictment was not warranted under the circumstances *(see, People v Martinez,* 71 NY2d 937; *People v Kelly,* 62 NY2d 516).

The court was correct in admitting the testimony of the complainant's mother concerning statements that her son made to her under the excited utterance exception to the hearsay rule. The statements were made by the 16-year-old complainant within a short time after the attempted gunpoint robbery, which took place only a short distance from his home. His age, the traumatic nature of the incident, the absence of any reason for fabrication, and evidence that he was nervous and crying at the time the statements were made, established that the remarks were not the product of studied reflection *(see, People v Brown,* 70 NY2d 513; *People v Jordan,* 173 AD2d 487).

The defendant's claim with respect to bolstering is unpreserved for appellate review *(see, People v Holt,* 67 NY2d 819; *People v Oliver,* 63 NY2d 973; *People v Love,* 57 NY2d 1023). Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.