■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE ZIENKOWICZ, Appellant. [622 NYS2d 979] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 9, 1993, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant argues that the hearing court should have suppressed the complainant's testimony concerning the lineup and her in-court identification because the hearing testimony of the police officer who established the legality of the arrest

which gave rise to the lineup was hearsay and because the lineup was unduly suggestive. However, it is well established that the People may use hearsay at a suppression hearing to establish the legality of police conduct (CPL 70.10; 710.60; *see, People v Feingold,* 106 AD2d 583). Further, viewing the totality of the circumstances, the lineup was properly conducted *(see, People v Gaddy,* 209 AD2d 430; *People v Norris,* 122 AD2d 82).

The defendant failed to preserve for appellate review his objection to the prosecutor's opening statement (CPL 470.05 [2]). In any event, absent bad faith or undue prejudice, the prosecutor's failure to prove every statement in his or her opening will not result in a jury's verdict being reversed *(see, People v De Tore,* 34 NY2d 199, 207, *cert denied sub nom. Wedra v New York,* 419 US 1025).

Finally, the defendant argues that reversal is warranted due to the admission of certain hearsay testimony during trial. However, the court's prompt curative instruction vitiated any prejudice to the defendant *(see, People v Baez,* 208 AD2d 638). Accordingly, the court did not improvidently exercise its discretion in denying the defendant's request for a mistrial *(see generally, People v Ortiz,* 54 NY2d 288). O'Brien, J. P., Ritter, Santucci and Friedmann, JJ., concur.