■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. LEWIS, Appellant. [635 NYS2d 872] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment of conviction of attempted sodomy in the first degree, sexual abuse in the first degree and assault in the second degree, defendant contends that the 30-month delay between arrest and the commencement of the trial deprived him of his constitutional right to a speedy trial. Defendant contends that a 10 1/2-month period associated with an appeal to this Court by the People from Supreme Court's dismissal of the original indictment was unnecessary because the People could have merely re-presented the charges to another Grand Jury. We disagree. The People have a statutory right to appeal the dismissal of an indictment (see, CPL 450.20 [1]), and their reasons for choosing to do so should not be second-guessed in the absence of evidence of a bad faith motive (see, People v Taranovich, 37 NY2d 442, 446). Upon consideration of the relevant factors, including the extent of the delay, the reason for the delay, the nature of the underlying charges, whether there has been an extended period of incarceration, and whether the defense has been impaired by the delay (see, People v Watts, 57 NY2d 299, 302; People v Johnson, 38 NY2d 271, 276; People v Taranovich, supra, at 445), we conclude that defendant's constitutional speedy trial rights were not abridged. The charges were serious, much of the delay aside from the People's appeal can be attributed to defendant, defendant was not incarcerated while awaiting trial, and the record does not contain evidence to support defendant's claim that an alibi witness was unavailable (see, People v Applewaite, 192 AD2d 616, 617).

The court properly determined that a tape of a 911 call placed by the victim very shortly after the attack was admissible as an excited utterance (see, People v Brown, 70 NY2d 513, 519-520; People v Edwards, 47 NY2d 493, 497). Because the 911 tape is admissible under an independent hearsay exception, "we reject the bolstering concept as inapplicable in this case" (People v Buie, 86 NY2d 501, 509). Moreover, because the tape was evidence of a "powerfully probative nature" (People v Buie, supra, at 513), and the court instructed the jurors that they were not to be influenced by any sympathy they might feel for the victim as a result of hearing the tape, we conclude that the probative value of the tape outweighed its potential for prejudice.

Finally, the court did not abuse its discretion in allowing the prosecutor to recall defendant to the stand for additional, limited cross-examination. The order of the proof rests within the sound discretion of the court *(see, People v Olsen,* 34 NY2d 349), and we find no abuse thereof *(see, People v Desire,* 113 AD2d 952; *cf., People v Cook,* 103 AD2d 751). (Appeal from Judgment of Supreme Court, Monroe County, Wisner, J.— Attempted Sodomy, 1st Degree.) Present—Denman, P. J., Green, Fallon, Doerr and Boehm, JJ.