■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS SANTOS, Appellant. [673 NYS2d 94] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered May 9, 1995, convicting defendant, after a jury trial, of two counts of robbery in the first degree, one count of robbery in the second degree, two counts of criminal possession of a weapon in the second degree, two counts of criminal possession of a weapon in the third degree, and one count of criminal possession of stolen property in the third degree, and sentencing him to two terms of 6 to 18 years, three terms of 5 to 15 years, and three terms of 2⅓ to 7 years, respectively, all to run concurrently, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The fact that a police officer told the victim that he would be viewing a lineup containing a suspect in his robbery did not render the procedure unduly suggestive (see,

*People v Rodriguez*, 64 NY2d 738, 740-741; *People v Ortiz*, 216 AD2d 164, 165, *lv denied* 86 NY2d 799). Defendant's blue shirt, although worn by him during the commission of the crime, was not so distinctive as to draw attention to himself (*see, People v Padilla*, 206 AD2d 271; *People v Gega*, 188 AD2d 305, 306, *lv denied* 81 NY2d 886); the four fillers otherwise resembled defendant (*see, People v Torres*, 182 AD2d 587, 588, *lv denied* 80 NY2d 897), and all three witnesses credibly testified that they concentrated on defendant's face, not his clothing.

The trial court properly exercised its discretion in denying defendant's challenges for cause to three venirepersons. The totality of each venireperson's responses established that the particular venireperson would decide the case solely on the evidence and obey the court's instructions (*see, People v Williams*, 63 NY2d 882).

Defendant's request for a missing witness charge was properly denied, since the witness was unavailable, despite the People's diligent efforts to locate him, and the testimony, though relevant and material, would have been cumulative (*see, People v Gonzalez*, 68 NY2d 424). In any event, any error in this respect was harmless in light of the overwhelming evidence of guilt (*see, People v Fields*, 76 NY2d 761, 763). Concur—Sullivan, J. P., Nardelli, Williams and Andrias, JJ.