■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COWEN, Also Known as CHARLES COWAN, Appellant.

[682 NYS2d 59] —Appeal by the defendant from a judgment of the County Court, Orange County (Byrne, J.), rendered January 3, 1996, convicting him of murder in the second degree, robbery in the first degree, robbery in the second degree, assault in the second degree, criminal possession of a weapon in the fourth degree, petit larceny, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant has not preserved for appellate review his contention that the admission into evidence of the tape recording of the victim's entire telephone call to the 911 emergency number was improper (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245). In any event, since the victim was beaten, bound, gagged, forced to free himself, and had to travel 160 feet to find a telephone, the victim's telephone conversation, which occurred within five minutes after the defendant fled, was properly admitted into evidence because the victim was still under the excitement precipitated by the event and lacked the reflective capacity essential for fabrication (*see, People v Brown,* 70 NY2d 513; *People v Edwards,* 47 NY2d 493; *People v Masas,* 244 AD2d 433; *People v O'Connor,* 242 AD2d 908; *People v Lewis,* 222 AD2d 1058).

The defendant made oral and written confessions of his criminal conduct, and there was independent corroborative proof of guilt. There was also undisputed medical testimony establishing a causal link between the defendant's acts and the victim's fatal heart attack approximately one hour after the crime occurred. As a result, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see,* CPL 60.50; *People v Rosner,* 67 NY2d 290, 295; *Matter of Anthony M.,* 63 NY2d 270; *People v Lipsky,* 57 NY2d 560). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.