■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE McKINNON, Appellant. [694 NYS2d 542] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of three counts of murder in the second degree (Penal Law §§ 20.00, 125.25 [1], [3]), one count of attempted murder in the second degree (Penal Law §§ 20.00, 110.00, 125.25 [1]), two counts of burglary in the first degree (Penal Law §§ 20.00, 140.30 [1], [2]), one count of criminal possession of a weapon in the fourth degree (Penal Law §§ 20.00, 265.01 [2]), and other related crimes. The conviction stems from an incident in which defendant and his codefendant broke into an apartment in the City of Buffalo, held the male occupants at gunpoint, and questioned them about who killed one of their friends. The codefendant shot and killed one of the occupants. Defendant, who was armed with a Tech-9 gun, fired several shots at the others, injuring one of them. Several of the victims recognized defendant and subsequently identified him from a police photo array. After a pretrial *Wade* hearing, County Court denied defendant's motion to suppress the identification procedures as impermissibly suggestive.

On appeal, defendant contends that the photo array and pretrial identification procedures were impermissibly suggestive;

that the court erred in admitting in evidence the tape recording of a 911 call made by one of the victims; that the evidence is legally insufficient to support the conviction of intentional murder; that the court erred in denying defendant's request to charge manslaughter in the second degree as a lesser included offense of intentional murder; and that the sentence is unduly harsh and excessive.

Upon our review of the record, we conclude that the court properly determined that the photo array and pretrial identification procedures were not impermissibly suggestive (*see, People v Hernandez,* 70 NY2d 833, 835; *People v Rodriguez,* 64 NY2d 738, 740; *People v Santos,* 250 AD2d 413, 413-414, *lv denied* 92 NY2d 905, *cert denied* 262 US 1076). The court also properly determined that the tape recording of the 911 call was admissible as an excited utterance (*see, People v Vasquez,* 88 NY2d 561; *People v Cowen,* 255 AD2d 596; *People v Lewis,* 222 AD2d 1058, *lv denied* 87 NY2d 1021). The evidence is legally sufficient to support the conviction of intentional murder in the second degree (*see, People v Bleakley,* 69 NY2d 490, 495).

The court did not err in refusing to charge reckless manslaughter (Penal Law § 125.15 [1]) as a lesser included offense of intentional murder. The court properly charged reckless manslaughter as a lesser included offense of depraved indifference murder, which was submitted to the jury in the alternative to the intentional murder count.

In view of the serious nature of the crimes, the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, DiTullio, J.—Murder, 2nd Degree.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.