■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC ROBINSON, SR., Appellant. [723 NYS2d 277] —Judgment unanimously affirmed. Memorandum: Supreme Court did not abuse its discretion in denying the motion of defendant to withdraw his plea of guilty to murder in the second degree (Penal Law § 125.25 [4]). The record does not support the contention that defendant did not understand the meaning of the term "depraved indifference to human life." Defense counsel acknowledged that she conferred with defendant and that the decision to enter a plea was made after they reviewed the forensic expert's report (*see, People v Kalwasinski*, 160 AD2d 732, 733). Defendant did not raise any question concerning the meaning of the term during the plea proceeding and, in moving to withdraw the plea, did not specify how his current understanding of the term differs from his understanding at the time he entered the plea.

Nor does the record support the further contention of defendant that the court should have granted his motion to withdraw the plea because defense counsel failed to advise him that manslaughter in the second degree was a lesser included offense.

As the court properly concluded, manslaughter in the second degree is not a lesser included offense of murder in the second degree under Penal Law § 125.25 (4). Creating a grave risk of serious physical injury is an element of Penal Law § 125.25 (4) but is not an element of manslaughter in the second degree, and thus it is possible to commit the greater crime without also committing the lesser (*see, People v Glover*, 57 NY2d 61, 64). This case is distinguishable from *People v McKinnon* (262 AD2d 995, 996, *lv denied* 93 NY2d 1004). In *McKinnon*, defendant was charged with violating, *inter alia*, Penal Law § 125.25 (2). (Appeal from Judgment of Supreme Court, Onondaga County, Brunetti, J.—Murder, 2nd Degree.) Present— Pigott, Jr., P. J., Hayes, Hurlbutt, Balio and Lawton, JJ.