■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIRU UMOJA, Appellant. [894 NYS2d 159]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered February 2, 2006, convicting him of robbery in the first degree (nine counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

The defendant's challenge to the pretrial suppression ruling is improperly based upon trial testimony (*see People v Esquiled*, 297 AD2d 687 [2002]).

The defendant's contention that he was denied a fair trial because witnesses to whom the prosecutor referred during voir dire did not testify is unpreserved for appellate review (*see People v Wright*, 5 AD3d 873, 875 [2004]). In any event, the contention is without merit, as is his contention that he was denied a fair trial because witnesses to whom the prosecutor referred during his opening statement did not testify (*see People v Pierre*, 35 AD3d 893 [2006]). "When the prosecution fails to produce a witness referred to in opening statements, 'the general rule is that, absent bad faith or undue prejudice, a trial will not be undone' " (*id.* at 893, quoting *People v Wedra*, 34 NY2d 199, 207 [1974], *cert denied* 419 US 1025 [1974]). Here, there is no evidence that the prosecution acted in bad faith in failing to produce the witnesses and, in light of the overwhelming evidence against the defendant, there is no significant probability that the jury would have acquitted him had it not heard the references to these witnesses. Therefore, the defendant was not unduly prejudiced (*see People v Pierre*, 35 AD3d at 893).

" 'Absent bad faith . . . a prosecutor's failure to prove every statement in his or her opening will not result in a jury's verdict being reversed' " (*People v Bueno*, 47 AD3d 642, 643 [2008], quoting *People v Zienkowicz*, 213 AD2d 435, 436 [1995]).

The defendant's contention that he was deprived of a fair trial by the prosecutor's assertion in his opening statement that the defendant was guilty of the crimes with which he was charged is unpreserved for appellate review, as the defendant failed to object to the challenged remarks (*see* CPL 470.05 [2]; *People v Miller*, 59 AD3d 463, 464 [2009]). In any event, "[t]he prosecutor's opening statement adequately described what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial" (*People v Larios*, 25 AD3d 569, 570 [2006]; *see* CPL 260.30 [3]).

The defendant's contention that the prosecutor violated the unsworn witness rule during the prosecutor's opening statement is unpreserved for appellate review and, in any event, is without merit (*see People v Tapper*, 64 AD3d 620, 621 [2009]; *People v Reyes*, 34 AD3d 331 [2006]).

The defendant's contention that various comments made by the prosecutor during his summation were improper and denied him a fair trial is unpreserved for appellate review, as the defendant either did not object to the remarks at issue or made only general one-word objections (*see People v Salnave*, 41 AD3d

872, 874 [2007]). In any event, most of the challenged remarks in the prosecutor's summation constituted fair comment on the evidence, were responsive to the arguments presented in defense counsel's summation (*see People v Montalvo*, 34 AD3d 600, 601 [2006]), or were cured by the court's instructions (*see People v Morales*, 1 AD3d 530, 531 [2003]). While some of the remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Molinaro*, 62 AD3d 724, 725 [2009], *lv denied* 13 NY3d 798 [2009]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 644-645 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.