■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN JAMES, Appellant. [895 NYS2d 519]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The four-year-old victim lived in an apartment in Dutchess County with his mother and the mother's boyfriend, the defendant. On August 8, 2007, the victim's mother left for work at about 5:00 P.M. When she returned, the victim was lying on his bed motionless with his eyes open, looking straight ahead. She yelled at the victim to wake up, while the defendant attempted cardio pulmonary resuscitation (hereinafter CPR). She rushed the victim to the hospital, where he was pronounced dead. The autopsy revealed that the victim suffered multiple contusions, abrasions, and lacerations on his head. An internal examination revealed multiple areas of hemorrhage on the surface of the victim's brain, and lacerations in his liver and pancreas. The defendant admitted to the police: "maybe I roughhoused a little bit too much with him."

At trial, the defendant's medical expert initially testified that the victim's abdominal injuries were consistent with an attempt to perform the Heimlich Maneuver or CPR, but he admitted on cross-examination that these were probably not the causes of the victim's injuries. The expert further conceded that, if this case had happened in his jurisdiction, he would have concluded, to a reasonable degree of medical certainty, that the victim had died as the result of a homicide. The defendant asked the County Court to charge the jury with manslaughter in the second degree as a lesser-included offense of depraved indifference murder of a person less than 11 years old, and the County Court denied the motion.

The jury convicted the defendant of murder in the second degree, and this appeal ensued.

The defendant contends that the County Court erred in denying his request to charge the jury with manslaughter in the second degree (Penal Law § 125.15) as a lesser-included offense of depraved indifference murder of a person less than 11 years old (Penal Law § 125.25 [4]). However, viewed in the abstract, it is theoretically possible to commit the crime of depraved indifference murder pursuant to Penal Law § 125.25 (4) without also committing the crime of manslaughter in the second degree (*see People v Mora*, 57 AD3d 571, 572 [2008]; *People v Heslop*, 48 AD3d 190, 195-196 [2007]; *People v Robinson*, 278 AD2d 798 [2000]). Therefore, the County Court properly denied the request.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Dillon, J.P., Covello, Miller and Chambers, JJ., concur.