THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN GADSDEN, Appellant. [918 NYS2d 201]—

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against

the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Tonge*, 93 NY2d 838, 838-839 [1999]). In any event, most of the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or fair response to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Polin*, 63 AD3d 1180 [2009]). To the extent that the prosecutor exceeded the bounds of permissible rhetorical comment, any error was harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Torres*, 72 AD3d 709 [2010]).

The defendant failed to preserve for appellate review his claim that he was deprived of a fair trial because the prosecutor stated, in his opening statement, that two eyewitnesses would identify the defendant, but thereafter failed to ask one of those eyewitnesses whether she could in fact identify the defendant (*see* CPL 470.05 [2]; *People v Seabrooks*, 244 AD2d 514 [1997]). In any event, absent bad faith or undue prejudice, a prosecutor's failure to prove every statement in his or her opening will not result in the reversal of a jury verdict (*see People v Bueno*, 47 AD3d 642, 643 [2008]; *People v Zienkowicz*, 213 AD2d 435, 436 [1995]). Here, there is no evidence that the prosecution acted in bad faith and, under the circumstances of this case, the defendant was not prejudiced.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 85-86 [1982]). Prudenti, P.J., Rivera, Lott and Miller, JJ., concur.