█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK A. ASARO, Appellant. [941 NYS2d 251]—

Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered July 30, 2010, convicting him of manslaughter in the second degree, assault in the second degree (four counts), assault in the third degree (two counts), reckless endangerment, and reckless driving, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the defendant preserved for appellate review his contention that the evidence was not legally sufficient to establish his guilt of manslaughter in the second degree beyond a reasonable doubt, and more specifically, that he acted recklessly (*see* CPL 470.05 [2]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The defendant was aware of, and consciously disregarded, a substantial and unjustifiable risk that his actions would cause the death of another, such that his conduct was reckless, and not merely negligent, or the result of carelessness, lack of foresight, or skill (*see* Penal Law § 15.05 [3]; *People v Heinsohn*, 61 NY2d 855 [1984]; *People v Wolz*, 300 AD2d 606 [2002]; *People v Miller*, 286 AD2d 981 [2001]; *People v Jones*, 198 AD2d 436 [1993]).

The defendant also preserved for appellate review his contention that the verdict acquitting him of driving while impaired but convicting him of manslaughter in the second degree is repugnant (*see* CPL 470.05 [2]). However, the defendant's contention is without merit (*see People v Schaffer*, 80 AD2d 865 [1981]).

Contrary to the People's contention, the defendant preserved for appellate review his contention that the adverse witness charge was an insufficient sanction for the *Rosario* violation (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]; CPL 470.05 [2]). However, the defendant's contention is without merit. Although the People's expert accident reconstructionist had lost his original notes which contained certain mathematical computations he used to determine the speed of the vehicles involved in the accident at the time of impact, the defense had the expert's report, which was prepared based upon the lost notes, and was able to cross-examine the expert about his methodology for determining the speed of the vehicles involved, including the variables used in the formula he employed. As such, the determination to give an adverse witness charge, rather than striking the expert's testimony, was a provident exercise of discretion (*see People v Banch*, 80 NY2d 610 [1992]; *People v Martinez*, 71 NY2d 937 [1988]). Furthermore, contrary to the defendant's contention, the language of the adverse inference charge was appropriate under the circumstances.

The defendant failed to preserve for appellate review his contention that he was deprived of a fair trial by certain remarks made by the prosecutor during his opening and closing statements. In any event, the contention is without merit (*see People v Gadsden*, 82 AD3d 902 [2011]; *People v Valdes*, 291 AD2d 513 [2002]).

The defendant's remaining contention is without merit. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.