Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered March 30, 2011, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for *718 review the denial, after a hearing (Buchter, J.), and upon the recommendation of a Judicial Hearing Officer (Cooperman, J.H.O.), of that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials.
Ordered that the judgment is affirmed.
The defendant was convicted of two counts of robbery in the first degree stemming from separate incidents in which he robbed two women on the street while displaying what appeared to be a gun (see Penal Law § 160.15 [4]). At trial, one complainant testified and made an in-court identification of the defendant as her assailant. A second complainant did not testify. However, a third person (hereinafter the third person), who had encountered the second complainant within minutes of the incident, offered testimony as to certain statements made by the second complainant. In addition, the People introduced into evidence the defendant’s written and videotaped inculpatory statements to law enforcement officials, as well as a tape of a 911 emergency telephone call made by the third person.
The Supreme Court properly denied that branch of the defendant’s omnibus motion which was to suppress his statements to law enforcement officials. Contrary to the defendant’s contention, the record does not support the conclusion that the police unnecessarily delayed his arraignment for purposes of depriving him of his right to counsel and obtaining an involuntary confession (see People v Jin Cheng Lin, 105 AD3d 761 [2013]; People v Solorzano, 94 AD3d 1153 [2012]; People v DeCampoamor, 91 AD3d 669 [2012]). Indeed, the defendant confessed to his involvement in both incidents within three hours of his arrest. Additionally, the evidence presented at trial did not establish that the defendant’s statements were involuntary (see CPL 60.45, 710.70 [3]; People v Williams, 297 AD2d 325 [2002]). The defendant was not handcuffed during the interrogation, and was given food, water, access to a bathroom, and an opportunity to rest in between questioning (see People v Jin Cheng Lin, 105 AD3d at 762; People v Marshall, 244 AD2d 508 [1997]; cf. People v Guilford, 21 NY3d 205 [2013]).
The defendant contends that his conviction of robbery in the first degree as to the second complainant was not supported by legally sufficient evidence because the admission of the audio tape of the 911 emergency telephone call and the third person’s testimony regarding the second complainant’s statements amounted to a confrontation clause violation (see Crawford v Washington, 541 US 36 [2004]), such that his confession lacked sufficient corroboration (see CPL 60.50). The defendant, however, failed to preserve this contention for appellate review. *719 The only issue raised before the Supreme Court in this regard was that it was error to admit into evidence the third person’s testimony since it was barred by New York’s common-law rule prohibiting the admission of hearsay evidence (see People v Kello, 96 NY2d 740 [2001]; People v Marino, 21 AD3d 430 [2005]; see also People v Bell, 86 AD3d 618 [2011]; People v Monroe, 49 AD3d 900 [2008]). Contrary to the defendant’s contention, the third person’s testimony regarding the statements made by the second complainant was properly admitted under the excited utterance exception to the hearsay rule (see People v Brown, 70 NY2d 513 [1987]; People v Jones, 79 AD3d 1244 [2010]; People v Hawkins, 193 AD2d 758 [1993]). Further, the admission of the contents of the 911 emergency telephone call made by the third person was also proper under the excited utterance exception to the hearsay rule, and did not constitute a confrontation clause violation in any event (see Davis v Washington, 547 US 813, 822, 826-828 [2006]; People v Bradley, 8 NY3d 124, 127-128 [2006]; People v Kenyon, 108 AD3d 933 [2013]; People v Conyers, 33 AD3d 929 [2006]; People v Marino, 21 AD3d at 430). Thus, contrary to the defendant’s contention, his admissions were amply corroborated by independent evidence that the subject offense was committed (see People v Lapi, 105 AD3d 1084 [2013]; CPL 60.50). Accordingly, viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant’s guilt of robbery in the first degree as to the second complainant beyond a reasonable doubt (see Penal Law § 160.15 [3]; People v Hudgins, 20 AD3d 489 [2005]; People v Cowen, 255 AD2d 596 [1998]; People v Castillo, 221 AD2d 554 [1995]).
The defendant’s contention that he was deprived of a fair trial as a result of certain comments made by the prosecutor during the opening statement is unpreserved for appellate review, as the defendant failed to object to the prosecutor’s allegedly improper remarks or move for a mistrial or seek curative instructions (see CPL 470.05 [2]; People v Bramble, 81 AD3d 968 [2011]; People v Franklin, 77 AD3d 676 [2010]; People v Howard, 48 AD3d 481 [2008]). In any event, the contention is without merit. The prosecutor adequately described in his opening statement what the People intended to prove, and properly prepared the jury to resolve the factual issues at the trial (see People v Umoja, 70 AD3d 867 [2010]; People v Etoria, 266 AD2d 559 [1999]).
Prior to eliciting testimony from the third person, and outside the presence of the jury, the prosecutor informed the defendant and the Supreme Court that he had agreed to the third person’s *720 request that she be allowed to use the prosecutor’s name as a personal employment reference. While it was improper under the circumstances of this case for the prosecutor to allow the third person to use the prosecutor’s name as a personal reference (see People v Harris, 93 AD3d 58, 72 [2012]), this did not deprive the defendant of a fair trial.
The Supreme Court properly denied the defendant’s motion pursuant to CPL 330.30, in which he claimed that he was deprived of a fair trial by the late disclosure of Brady material (see Brady v Maryland, 373 US 83 [1963]; People v Glover, 96 AD3d 777, 778 [2012]; People v Ford, 91 AD3d 968 [2012]; People v Williams, 34 AD3d 856 [2006]). The material at issue was turned over to the defendant before opening statements were made and in sufficient time for him to use it in a meaningful fashion during cross-examination or as evidence during his case (see People v Watson, 17 AD3d 385 [2005]; People v Candelario, 260 AD2d 391 [1999]). In any event, there was no indication that a reasonable possibility existed that earlier disclosure of the material might have led to a different outcome of the trial (see People v Gardner, 12 AD3d 525 [2004]).
The defendant’s remaining contention is without merit.
Skelos, J.P, Balkin, Hall and Maltese, JJ., concur.