■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD LEAK, Appellant. [11 NYS3d 209]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Neary, J.), rendered August 13, 2013, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was arrested in connection with the death of his two-year-old son. After trial, he was convicted of manslaughter in the first degree under Penal Law § 125.20 (4).

Contrary to the defendant's contention, a recording of a 911 call made by the child's mother, as well as testimony regarding her phone call to a neighbor seeking help for the child, were properly admitted into evidence as excited utterances. Excited utterances are exceptions to the hearsay rule because they "are the product of the declarant's exposure to a startling or upsetting event that is sufficiently powerful to render the observer's

normal reflective processes inoperative" (*People v Vasquez*, 88 NY2d 561, 574 [1996]; *see People v Cantave*, 21 NY3d 374, 381 [2013]). " 'The essential element' of this hearsay exception 'is that the declarant spoke while under the stress or influence of the excitement caused by the event, so that his reflective capacity was stilled' " (*People v Cantave*, 21 NY3d at 381, quoting *People v Nieves*, 67 NY2d 125, 135 [1986]).

Here, while the mother was not present at the apartment when the child was injured, when she made the subject calls she had just received a phone call informing her that the child was not breathing. According to the mother's testimony, she was "in shock" when she called her neighbor seeking help. She called 911 minutes later after learning that the neighbor's help had not changed the situation. On the recording of the 911 call she can be heard crying, and she was clearly distraught. Accordingly, the Supreme Court properly determined that, when the mother called the neighbor and 911 for help, she was under the stress of the excitement caused by the event and not capable of studied reflection (*see People v Bonds*, 118 AD3d 717, 719 [2014]; *People v Jones*, 79 AD3d 1244, 1247 [2010]; *People v Hawkins*, 193 AD2d 758 [1993]).

The defendant contends that the Supreme Court erred in denying his request to charge the jury with manslaughter in the second degree (Penal Law § 125.15 [1]) as a lesser-included offense of manslaughter in the first degree of a person less than 11 years old (Penal Law § 125.20 [4]). However, since it is theoretically possible to commit the crime of manslaughter in the first degree pursuant to Penal Law § 125.20 (4) without also committing the crime of manslaughter in the second degree (*see People v James*, 70 AD3d 1052 [2010]; *People v Mora*, 57 AD3d 571 [2008]; *People v Heslop*, 48 AD3d 190, 195 [2007]; *People v Robinson*, 278 AD2d 798 [2000]), the Supreme Court properly denied the request (*see* CPL 1.20 [37]; *People v Glover*, 57 NY2d 61, 64 [1982]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.