■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TAVAREZ, Appellant. [23 NYS3d 395]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Zayas, J.), rendered December 18, 2013, convicting him of burglary in the second degree, criminal mischief in the fourth degree, and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial due to improper remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Scotti*, 220 AD2d 543 [1995]). In any event, most of the prosecutor's remarks, viewed in context, constituted fair comment on the evidence and the inferences to be drawn therefrom (*see People v Valdes*, 291 AD2d 513, 514 [2002]; *People v Holguin*, 284 AD2d 343 [2001]). Contrary to the defendant's contention, the challenged remarks did not improperly vouch for the strength of the People's case, or denigrate the defense or the defendant's exercise of his right to a jury trial. To the extent that any of the prosecutor's remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (*see People v Thompson*, 125 AD3d 899, 900 [2015]; *People v Ward*, 106 AD3d 842, 843 [2013]; *People v Philbert*, 60 AD3d 698, 699 [2009]; *People v Almonte*, 23 AD3d 392, 394 [2005]).

The defendant's contention that the evidence was legally insufficient to support his conviction of possession of burglar's tools is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that offense (*see People v Borrero*, 26 NY2d 430 [1970]). Mastro, J.P., Leventhal, Cohen and LaSalle, JJ., concur.