▮ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WHITE, Appellant. [39 NYS3d 437]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered September 24, 2012, convicting defendant, after a jury trial, of burglary in the third degree and petit larceny, and sentencing him, as a second felony offender, to an aggregate term of 2 to 4 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The evidence established that after defendant entered a store from which he had been barred, he stole merchandise belonging to that store. The jury properly rejected defendant's claim that the merchandise found in his possession originated elsewhere.

In connection with the trespass notice that excluded defendant from the store, the court properly exercised its discretion in admitting limited evidence concerning the prior larceny that led to the trespass notice. This evidence tended to establish the lawfulness of the store's exclusion of defendant from the premises (*see People v Wright*, 255 AD2d 199, 200 [1st Dept 1998], *lv denied* 92 NY2d 1041 [1998]), as well as to complete the narrative and to dispel speculation by the jury, and its probative value exceeded its prejudicial effect, which was minimized by the court's limiting instruction.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alterna-

tive holding, we reject them on the merits. The court properly exercised its discretion in limiting the content of defendant's voir dire of prospective jurors when it precluded questions that were repetitious or confusing, or that delved into matters of law that were thoroughly covered in the court's own voir dire (*see People v Steward*, 17 NY3d 104, 110 [2011]; *People v Boulware*, 29 NY2d 135, 139 [1971], *cert denied* 405 US 995 [1972]). We also find that the court's innocuous remark to the deliberating jury concerning the scheduling of further deliberations was neither coercive nor comparable to an *Allen* charge in any respect. Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.