■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON DANIELS, Appellant. [42 NYS3d 856]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 22, 2012, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the second degree for forcibly stealing a motor vehicle from the complainant (Penal Law § 160.10 [3]).

The defendant's contention that the prosecutor became an unsworn witness on the issue of venue during his summation is unpreserved for appellate review, as the defendant either failed to object or made only a general objection to the prosecutor's comments (*see People v May*, 138 AD3d 1024 [2016]; *People v Baez*, 137 AD3d 805 [2016]). In any event, the challenged remarks did not make the prosecutor an unsworn

witness, as he did not support his case by his own or anyone else's veracity or position when he made these remarks (*see People v Moye*, 12 NY3d 743 [2009]; *People v Manson*, 63 AD2d 686 [1978]). Furthermore, the trial court instructed the jury before summations began that what the attorneys were going to say was not evidence, and that the attorneys were not allowed to give their personal opinion (*see People v Michael*, 52 Misc 3d 142[A], 2016 NY Slip Op 51196[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]). The jury is presumed to have followed the court's instructions, thereby alleviating any prejudicial impact of the remarks (*see People v Baker*, 14 NY3d 266, 274 [2010]; *People v Michael*, 52 Misc 3d 142[A], 2016 NY Slip Op 51196[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2016]).

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Austin, J.P., Cohen, Maltese and Duffy, JJ., concur.