People v Warden (2018 NY Slip Op 07762)





People v Warden


2018 NY Slip Op 07762


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-06264
 (Ind. No. 2239/14)

[*1]The People of the State of New York, respondent,
v
Terrance Warden, appellant.


Paul Skip Laisure, New York, NY (Laura B. Tatelman and Laura Indellicati of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Joseph Z. Amsel, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard L. Buchter, J.), rendered July 6, 2015, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (John B. Latella, Jr., J.), of that branch of the defendant's omnibus motion which was to suppress statements he made to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was convicted of assault in the second degree (Penal Law § 120.05[12]), upon a jury verdict. The victim, who suffered from dementia, did not testify at trial, and there were no eyewitnesses to the assault. However, other evidence and testimony established that the defendant and the victim were patients sharing a hospital room when the victim, who was 75 years old and more than 10 years older than the defendant, sustained an injury to his face, which included a laceration and fractures. The trial testimony also established that at the time of the incident, the patient in the next room heard yelling and punching sounds, and when she went to investigate, she saw only the injured victim and the defendant in the room. In addition, testimony and evidence admitted at trial established that the defendant made inculpatory statements, inter alia, to the effect that he hit the victim because the victim hit him first.
The defendant moved to suppress certain statements he made at the hospital in response to questioning by a police officer. We agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress the challenged statements. The evidence presented at the suppression hearing supported the court's determination that a reasonable person, innocent of any crime, would not have believed that he was in police custody when the statements were made (see People v Yukl, 25 NY2d 585, 589; People v Adams, 157 AD3d 897, 898; People v Ragen, 140 AD3d 1092, 1092; People v Ripic, 182 AD2d 226, 231).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of [*2]assault in the second degree beyond a reasonable doubt (see Penal Law § 120.05[12]; People v Reed, 22 NY3d 530, 535). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of a fair trial by remarks made by the prosecutor during his opening and closing statements that improperly appealed to the jurors' sympathies is largely unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912). In any event, the defendant's contention is without merit. The defendant was not deprived of a fair trial by the challenged remarks made during the prosecutor's opening statement, as those remarks described what the People intended to prove and properly prepared the jury to resolve the factual issues at the trial (see People v Bonds, 118 AD3d 717, 719; People v Umoja, 70 AD3d 867, 868; People v Etoria, 266 AD2d 559, 559). Morever, the defendant was not deprived of a fair trial by the challenged remarks made during the prosecutor's closing statement, as most of those remarks were fair comment on the evidence and reasonable inferences to be drawn therefrom (see People v Ashwal, 39 NY2d 105, 109; People v Mairs, 157 AD3d 818, 820; People v King, 144 AD3d 1176, 1177; People v Almonte, 23 AD3d 392, 394). To the extent that some of the challenged remarks during summation exceeded the bounds of legitimate advocacy, they were not so flagrant or pervasive so as to deprive the defendant of a fair trial (see People v Tavarez, 135 AD3d 973, 973; People v Murphy, 133 AD3d 690, 691; People v Joubert, 125 AD3d 686, 686; People v Almonte, 23 AD3d 392, 394).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a "mixed claim" of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2; People v Kocaj, 160 AD3d 766). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (see People v Evans, 16 NY3d at 575; cf. People v Crump, 53 NY2d 824, 825). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety (see People v Kocaj, 160 AD3d 766; People v Marryshow, 135 AD3d 964, 965; People v Maxwell, 89 AD3d at 1109).
The defendant's contentions, raised in his pro se supplemental brief, that the Supreme Court erred in admitting unredacted medical records into evidence, permitting certain witnesses to provide in-court identifications, and denying defense counsel's motion for a mistrial, are without merit.
The defendant's remaining contentions, raised in his pro se supplemental brief, involve matter that is dehors the record, and, therefore, cannot be considered on this appeal.
MASTRO, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court