People v Santiago (2019 NY Slip Op 00472)





People v Santiago


2019 NY Slip Op 00472


Decided on January 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
JEFFREY A. COHEN, JJ.


2015-05622
 (Ind. No. 6128/13)

[*1]The People of the State of New York, respondent,
v
Ruben Santiago, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant, and appellant pro se.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Solomon Neubort of counsel; Javon Henry on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Joel M. Goldberg, J.), rendered June 19, 2015, convicting him of robbery in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the Supreme Court's adverse inference charge was an insufficient sanction for the loss of an audiotaped statement given by a witness to an assistant district attorney (see CPL 470.05[2]; People v Manigualt, 125 AD3d 1480; People v Anonymous, 38 AD3d 438, 438-439). In any event, it was an appropriate sanction (see People v Asaro, 94 AD3d 773, 774, affd 21 NY3d 677; People v Maddix, 244 AD2d 432).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's argument in his pro se supplemental brief challenging the legal sufficiency of the evidence supporting his conviction of robbery in the second degree is unpreserved for appellate review (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (see CPL 470.15[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Further, to the extent that the defendant contends in his pro se supplemental brief that his conviction of robbery in the second degree was repugnant to his acquittal of robbery in the first degree, that argument is unpreserved for appellate review (see CPL 470.05[2]). In any event, the contention is without merit (see People v Cooper, 118 AD2d 721).
LEVENTHAL, J.P., CHAMBERS, AUSTIN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court