People v Ahmed (2019 NY Slip Op 04963)





People v Ahmed


2019 NY Slip Op 04963


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-03759
 (Ind. No. 6491/15)

[*1]The People of the State of New York, respondent,
v
Ali Ahmed, appellant.


Robert Marinelli, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Terrence F. Heller of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered March 16, 2017, convicting him of attempted assault in the first degree (two counts) and assault in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of two counts of attempted assault in the first degree and two counts of assault in the second degree. Prior to sentencing, the defendant moved to set aside the verdict pursuant to CPL 330.30(1) on the ground of ineffective assistance of counsel. The Supreme Court denied the defendant's motion.
The defendant's contention that he was deprived of a fair trial as a result of certain comments made by the prosecutor during his opening statement and summation is unpreserved for appellate review (see CPL 470.05[2]; People v Romero, 7 NY3d 911, 912; People v Bonds, 118 AD3d 717, 719). In any event, the defendant's contention is without merit. The comments made by the prosecutor in his opening statement, primarily, described what the People intended to prove and properly prepared the jury to resolve the factual issues at the trial (see People v Warden, 166 AD3d 817, 819; People v Bonds, 118 AD3d at 719; People v Umoja, 70 AD3d 867, 868). Absent bad faith or undue prejudice, a trial will not be undone by a prosecutor's failure to prove every statement made in his or her opening statement (see People v De Tore, 34 NY2d 199, 207; People v Miles, 157 AD3d 641, 641-642; People v Umoja, 70 AD3d at 868). Moreover, most of the challenged remarks on summation were either fair comment on the evidence and the reasonable inferences to be drawn therefrom or constituted a fair response to defense counsel's summation (see People v Ashwal, 39 NY2d 105, 109; People v Mairs, 157 AD3d 818, 820; People v King, 144 AD3d 1176, 1177; People v Almonte, 23 AD3d 392, 394). To the extent that some of the prosecutor's remarks were improper, they were not so flagrant or pervasive so as to deny the defendant a fair trial (see People v Tavarez, 135 AD3d 973, 973; People v Murphy, 133 AD3d 690, 691; People v Joubert, 125 AD3d 686, 686; People v Almonte, 23 AD3d 392, 394), and any [*2]prejudicial impact of the prosecutor's remarks was alleviated by the court's instructions to the jury (see People v Baker, 14 NY3d 266, 274; People v Daniels, 145 AD3d 1030, 1031; People v Murphy, 133 AD3d at 691).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109). To the extent the defendant raised this issue in a motion pursuant to CPL 330.30(1), the motion was procedurally defective, as a CPL 330.30 motion is limited to grounds appearing in the record (see CPL 330.30[1]; People v Freire, 168 AD3d 973, 975; People v Thomas, 71 AD3d 1061, 1062; People v Ai Jiang, 62 AD3d 515, 516).
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court