People v Smith (2024 NY Slip Op 00280)

People v Smith

2024 NY Slip Op 00280

Decided on January 23, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2024

Before: Oing, J.P., Gesmer, Scarpulla, Rodriguez, Michael, JJ. 

Ind. No. 416/17 Appeal No. 1488 Case No. 2021-02061 

[*1]The People of the State of New York, Respondent,
v
Rysheim Smith, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Abigail Everett of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Ruth Pickholz, J.), rendered May 17, 2021, convicting defendant, after a jury trial, of murder in the second degree, manslaughter in the first degree, manslaughter in the second degree, and endangering the welfare of a child (two counts), and sentencing him, as a second violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.
As the People concede, the trial court should not have admitted the results of DNA analysis obtained through use of the forensic statistical tool without first conducting a Frye hearing (see People v Williams, 35 NY3d 24 [2020]). Nevertheless, the error was harmless in light of the overwhelming evidence of guilt (see id. at 42-43; People v Crimmins, 36 NY2d 230, 241-242 [1975]). The six-year-old victim's mother, defendant's girlfriend, testified to defendant's abuse of the child — which included severe beatings, starvation, and sleep deprivation as forms of punishment — over a period of more than a year and to the final beating that ultimately led to the victim's death. This testimony was corroborated by a witness who had seen defendant hit the victim, witnesses who had observed the victim's injuries and his fear of defendant, and a witness who was privy to incriminating statements made by defendant. Medical expert testimony also established that the victim died from the cumulative effects of the acute and chronic injuries and neglect. Thus, there was no significant probability that the jury would have acquitted defendant had it not been for the admission of the DNA evidence (see Crimmins, 36 NY2d at 242).
The court providently exercised its discretion in restricting the scope of voir dire examination, and did not deprive defendant of a fair opportunity to question the prospective jurors on matters related to their qualifications (see People v Boulware, 29 NY2d 135, 140-141 [1971], cert denied 405 US 995 [1972]). Although the court interrupted defense counsel on multiple occasions and, at times, took an active role in questioning the prospective jurors, it did so to prevent repetitious and irrelevant inquiries, including the potential jurors' "feelings" on certain issues; to rephrase vague and confusing questions; and to focus the prospective jurors' attention to whether they could render a fair and impartial verdict based the evidence (see People v Garcia, — NY3d &mdash, 2023 NY Slip Op 05969 [2023]; People v Pepper, 59 NY2d 353, 358-359 [1983]; People v Rodriguez, 166 AD3d 459, 459 [1st Dept 2018], lv denied 32 NY3d 1209 [2019]; People v White, 143 AD3d 548, 548-549 [1st Dept 2016], lv denied 29 NY3d 1002 [2017]). Moreover, the court permitted inquiry into the substance of all relevant topics. The record does not support defendant's contention that the court denigrated defense counsel or made prejudicial remarks.
Defendant's midtrial discovery motion was properly denied. He relied on CPL article 245, which expanded the People's pretrial disclosure obligations [*2]and took effect January 1, 2020, well after commencement of the trial (see L 2019, ch 59, § 1, part LLL). Absent a clear expression of legislative intent that the new law is to have retroactive effect, we decline to apply it to proceedings prior to January 1, 2020 (see Simonson v International Bank, 14 NY2d 281, 289-290 [1964]; People v King, 216 AD3d 1400, 1402-1403 [4th Dept 2023]).
Defendant's conviction of second-degree murder does not require dismissal of the second-degree manslaughter count as an inclusory concurrent count (CPL 300.40[3][b]). Manslaughter in the second degree is not a lesser included offense of murder in the second degree under Penal Law § 125.25(4) (see CPL 300.30[4]; People v James, 70 AD3d 1052, 1053 [2d Dept 2010], lv denied 14 NY3d 888 [2010]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2024