■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANCISCO RAMOS, Appellant.— REYNOLDS, J. Appeal from an order of the County Court, Ulster County, denying, without a hearing, appellant's application for a writ of *coram nobis*. The sole question raised here is whether a hearing should have been granted upon the allegation of the petition that appellant, because of a language barrier, did not understand the criminal proceedings he was involved in. It is clear that a hearing must be held unless the facts alleged in the petition, even if proved, would not warrant a vacatur of the judgment (*People* v. *Derrick*, 15 N Y 2d 816) or the allegations of the petition are conclusively refuted by unquestionable documentary records (e.g., *People* v. *Fink*, 20 A D 2d 935, affd. 15 N Y 2d 679). It is also clear that if the appellant were unable to understand the proceedings steps should have been undertaken to insure such understanding (*People* v. *Constantino*, 153 N. Y. 24). Here, however, the appellant was adequately represented by competent counsel and despite ample opportunity to do so made no complaint to the court about any inability to understand the proceedings or to communicate with his attorney (*People* v. *Hernandez*, 8 N Y 2d 345; see, also, *People* v. *Medina*, 24 A D 2d 516). At no time did he indicate the necessity for an interpreter or reaffirm his desire for a Spanish speaking attorney. As the Court of Appeals stated in *People* v. *Hernandez* (*supra*, p. 348): "Where an accused person remains silent, under circumstances where, in spite of an alleged inability to understand English, he was in a position to convey his grievance to the court, he may not thereafter be heard to claim in a collateral attack that the conviction was procured by fraud or misrepresentation (*People* v. *Moore*, 284 App. Div. 925)." Accordingly the petition was properly denied without a hearing. Order affirmed. Gibson, P. J., Herlihy, Taylor and Aulisi, JJ., concur.