■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JODI ALBANESE, Appellant. [850 NYS2d 112]—

Appeal by the defendant from a judgment of the County Court, Nassau Court (LaPera, J.), rendered August 8, 2006, convicting her of hindering prosecution in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the indictment failed to provide notice of the crime charged is unpreserved for appellate review (*see People v Iannone*, 45 NY2d 589, 600-601 [1978]). In any event, any defect in the indictment was cured by the bill of particulars, which provided the defendant with sufficiently specific information as to the manner, time, and place of the crime (*see* CPL 200.50 [7] [a]; *People v Jackson*, 46 NY2d 721, 723 [1978]; *People v Eun Sil Jang*, 17 AD3d 693, 694 [2005]). Furthermore, contrary to the defendant's contention, the prosecution did not change the theory of the case at trial.

The defendant's contentions that the trial court erred in failing to respond to a jury note requesting a read back of certain testimony, and in failing to read to the jury a formulated response to another jury note, are unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the defendant's contentions are without merit. The jury nullified its request for the read back when the jury asked the court to disregard all other requests, except for one (*see People v Sanders*, 227 AD2d 506 [1996]; *cf. People v Quintana*, 262 AD2d 101 [1999]). As for the request left unanswered, there was no undue delay by the court in responding. The fact that the jury reached a verdict before the formulated response could be read was not the result of any error or perceived pressure on the court's part (*see People v Agosto*, 73 NY2d 963, 966-967 [1989]). Moreover, the failure to read the formulated response did not seriously prejudice the defendant (*see People v Agosto*, 73 NY2d at 967). The fact that a verdict was reached implied that the jury resolved the issue on its own (*see People v Quintana*, 262 AD2d 101 [1999]).

The defendant's remaining contentions regarding improper

remarks by the prosecutor are unpreserved for appellate review and, in any event, without merit. Crane, J.P., Lifson, Covello and McCarthy, JJ., concur.