■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FAMIAN CORNADO, Appellant. [874 NYS2d 463]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered June 26, 2007, convicting defendant, after a jury trial, of assault in the second degree, and sentencing him to a term of five years, unanimously affirmed.

The record indicates that shortly before the jury announced that it had reached a verdict, the court received a note requesting certain photographs received into evidence and a readback of testimony. Nothing in the record bears on the issue of whether the court read this note to counsel; the court did not respond to it before accepting the verdict. We conclude that defendant has failed to present on this appeal a record that is adequate to permit review of his claim (*see People v Kinchen*, 60 NY2d 772 [1983]) that the court violated the precepts set forth in *People v O'Rama* (78 NY2d 270, 277-278 [1991]). Although this failure alone is sufficient to reject defendant's argument, we note that defendant has not established any prejudice (*see People v Agosto*, 73 NY2d 963, 966 [1989]). By promptly reaching a verdict without any further inquiry, the jury implicitly indicated that it no longer needed the information requested (*see People v Fuentes*, 246 AD2d 474, 475 [1998], *lv denied* 91 NY2d 941 [1998]). We also note that the note in question asked for a readback of testimony about lighting conditions, and the jury had already received a readback on that subject.

Defendant also contends that the court failed to follow the steps set forth in *People v O'Rama* with respect to two other jury inquiries. Although the court reporter apparently was not present when the court informed the parties about the content of this note, it is clear from the record that the court did disclose the contents of each of these inquiries in open court before responding. Accordingly, it fulfilled its "core responsibility" under *People v Kisoon* (8 NY3d 129, 135 [2007]) and there was no mode of proceedings error exempt from preservation requirements (*see e.g. People v Starling*, 85 NY2d 509, 516 [1995]; *People v Snider*, 49 AD3d 459 [2008], *lv denied* 11 NY3d 795 [2008]). We decline to review defendant's unpreserved claim in the interest of justice. As an alternative holding, we find no basis for reversal. The record supports the conclusion that counsel received a suitable opportunity for input into the court's responses. Two of the inquiries at issue requested routine readbacks, and these requests were not likely to require significant input from counsel. The third asked whether the jurors could take notes, and the court gave the jury appropriate instructions on that subject. While we do not find that the court's handling of any of the jury inquiries in this case requires reversal, nevertheless, as the Court of Appeals stated in *Kisoon*, "we underscore the desirability of adherence to the procedures outlined in *O'Rama*" (8 NY3d at 135).

We find no basis for a reconstruction hearing as to any of the issues presented on appeal.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.