*Inc.*, 37 AD3d 1195, 1198 [2007], *amended on rearg* 41 AD3d 1324 [2007] [internal quotation marks omitted]). Present— Scudder, P.J., Peradotto, Lindley, Green and Gorski, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CIJNTJE J. COX, Appellant. [905 NYS2d 735]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 18, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of assault in the first degree (Penal Law § 120.10 [3]) and criminal possession of a weapon in the third degree (§ 265.02 [former (4)]). Defendant failed to preserve for our review his contention that the count of the indictment charging him with criminal possession of a weapon was duplicitous (*see People v Sponburgh*, 61 AD3d 1415 [2009], *lv denied* 12 NY3d 929 [2009]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Viewing the evidence in light of the elements of assault in the first degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to that count is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

We reject the further contention of defendant that he was denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Although defendant contends that he was denied effective assistance of counsel because defense counsel did not seek youthful offender status for him, it is well established that "[t]he failure to make motions with little or no chance of success does not constitute ineffective assistance of counsel" (*People v Nuffer*, 70 AD3d 1299, 1300 [2010]). Here, there were no "mitigating circumstances . . . bear[ing] directly upon the manner in which the crime[s were] committed," nor could defendant be considered a "relatively minor" participant in the crimes (CPL 720.10 [3]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Carni, Lindley and Sconiers, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR J. ROUNDTREE, Appellant. [904 NYS2d 636]—