# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

340

KA 09-01764

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

TERRANCE L. MACK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (GEOFFREY A. KAEUPER OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 17, 2009. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is reversed on the law and a new trial is granted.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of gang assault in the first degree (Penal Law § 120.07). The gang assault resulted in the death of the victim from two stab wounds. Although a police witness testified that between 75 and 100 people may have seen the incident, only one eyewitness identified defendant as a participant, and that eyewitness testified that defendant hit the victim with a bottle and held the victim while others beat her. Defendant contends, inter alia, that it was reversible error for County Court to accept the verdict without first responding to three notes from the jury. We agree, and we therefore reverse the judgment and grant a new trial.

The record establishes that the court advised the attorneys at 6:02 p.m. that they could "remain unavailable" until 7:30 p.m., at which time any "questions or concerns" raised by the jury would be addressed. During that recess, the jury sent three notes into the court. The first note stated that "we would like to have the instructions regarding the importance of a single witness in a case versus multiple witnesses and the instructions about the meaning of reasonable doubt read back to us." The second note contained a request "to hear [the eyewitness's] testimony regarding [defendant's] leaving of the crime scene" and a request for "more jury request sheets." The third note contained a request for a "smoke break." Upon reconvening at 7:51 p.m., the court read the notes into the record in the presence of counsel. The court indicated that it would

read the requested instructions to the jury and, while determining whether there was testimony from the eyewitness about defendant leaving the scene, the court received a further note at 7:54 p.m. stating that the jury had come to a verdict. The court recessed until 8:10 p.m., at which time it accepted the verdict without any further mention of the jury notes.

As a preliminary matter, we conclude that "the core requirements of CPL 310.30 [were] triggered" inasmuch as the jury requested a readback of a portion of the testimony of the sole witness who had identified defendant (*People v Kahley*, 105 AD3d 1322, 1325), as well as a readback of certain legal instructions (*see People v O'Rama*, 78 NY2d 270, 277-278). We agree with defendant that, although defense counsel failed to object to the court's procedure of accepting the verdict without responding to the jury's notes, the failure of the court to provide a meaningful response to the substantive requests of the jury is a mode of proceedings error for which preservation is not required (*see People v Kisoon*, 8 NY3d 129, 135; *O'Rama*, 78 NY2d at 279; *cf. People v Geroyianis*, 96 AD3d 1641, 1643, *lv denied* 19 NY3d 996, *reconsideration denied* 19 NY3d 1102). Indeed, "there are few moments in a criminal trial more critical to its outcome than when the court responds to a deliberating jury's request for clarification of the law or further guidance on the process of deliberations" (*Kisoon*, 8 NY3d at 134-135 [internal quotation marks omitted]). The jury may have resolved the factual issue regarding whether the eyewitness testified that she saw defendant leave the scene without further instruction assistance from the court (*see People v Sanders*, 227 AD2d 506, 506, *lv denied* 88 NY2d 994). However, the request for a readback of the instruction on reasonable doubt, the determination of which is the crux of a jury's function, and for a readback of the instruction regarding "the importance a single witness in a case versus multiple witnesses," "demonstrates the confusion and doubt that existed in the minds of the jury with respect to . . . crucial issue[s] . . . The jury is entitled to the guidance of the court and may not be relegated to its own unfettered course of procedure" (*People v Hall*, 101 AD2d 956, 957). We therefore conclude that the court's failure to respond to the jury's notes seeking clarification of those instructions before the verdict was accepted "seriously prejudiced" defendant (*People v Lourido*, 70 NY2d 428, 435; *see People v Clark*, 108 AD3d 797, 800; *People v Smith*, 68 AD3d 1021, 1022; *cf. People v Agosto*, 73 NY2d 963, 966; *People v Lynch*, 60 AD3d 1479, 1481, *lv denied* 12 NY3d 926).

We have reviewed defendant's remaining contentions and conclude that they are without merit.

All concur except LINDLEY, J., who dissents and votes to affirm in the following Memorandum: I respectfully dissent. In my view, the jury, by issuing a note stating that it had reached a verdict, impliedly rescinded its outstanding notes requesting a readback of certain instructions and certain testimony, and County Court therefore did not err in concluding that "the jury had resolved its questions and was no longer in need of the requested information" (*People v Sorrell*, 108 AD3d 787, 793; *see People v Cornado*, 60 AD3d 450, 451, *lv denied* 12 NY3d 913; *People v Quintana*, 262 AD2d 101, 101, *lv denied* 94

NY2d 865).  In any event, even assuming, arguendo, that the court erred in failing to respond to the outstanding jury notes, I note that defendant did not object to the court's taking of the verdict, and his contention that the court erred in accepting the verdict without responding to the jury notes is thus unpreserved for our review (*see generally* CPL 470.05 [2]).

Unlike the majority, I do not perceive the court's failure to respond to the outstanding notes to be a mode of proceedings error that does not require preservation (*see People v Geroyianis*, 96 AD3d 1641, 1643, *lv denied* 19 NY3d 996, *reconsideration denied* 19 NY3d 1102; *Cornado*, 60 AD3d at 451).  Although providing a meaningful response to notes from the jury is clearly among the court's "core responsibilities" under CPL 310.30 (*People v Tabb*, 13 NY3d 852, 853; *see People v O'Rama*, 78 NY2d 270, 277), the statute does not expressly require the court to respond to a note that is followed by an announcement from the jury that it has reached a verdict.  Nor is there any case law specifically directing trial courts to respond to outstanding notes under such circumstances.  Unlike in *O'Rama* and its progeny, the court here properly read the notes into the record and solicited input from defense counsel with respect to an appropriate response.  While the court and counsel were discussing how to respond to the notes, the jury announced that it had reached a verdict. Despite having full knowledge of all the relevant facts, defense counsel elected not to object to the court's taking of the verdict and, indeed, may well have consented to it during an off-the-record sidebar discussion.

As the Court of Appeals has emphasized, "[n]ot every procedural misstep in a criminal case is a mode of proceedings error," a term that is "reserved for the most fundamental flaws" (*People v Becoats*, 17 NY3d 643, 651; *see People v Alcide*, 21 NY3d 687, 695).  In my view, the court's failure to respond to the outstanding jury notes, even if error, was not so significant or prejudicial as to constitute a fundamental flaw in the criminal process.  I would therefore affirm the judgment of conviction.

Entered:  May 2, 2014                         Frances E. Cafarell
                                              Clerk of the Court