■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTIS MURPHY, Appellant. [20 NYS3d 127]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered November 1, 2013, convicting him of criminal possession of marijuana in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review, since he either failed to object to the remarks at issue, objected on grounds other than those currently raised, or failed to request further curative relief or move for a mistrial when his objections were sustained or the

court sua sponte gave curative instructions (see CPL 470.05 [2]; *People v Romero*, 7 NY3d 911, 912 [2006]; *People v Philips*, 120 AD3d 1266, 1268 [2014]; *People v Martin*, 116 AD3d 981, 982 [2014]). In any event, the challenged remarks were fair comment on the evidence, fair response to the defense summation (see *People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]), or were not so flagrant or pervasive as to deprive the defendant of a fair trial (see *People v Joubert*, 125 AD3d 686 [2015]; *People v Rhodes*, 115 AD3d 681, 682-683 [2014]; *People v Fields*, 115 AD3d 673, 674 [2014]). To the extent that any prejudicial effect may have resulted from any of the challenged remarks, it was ameliorated by the court's instructions (see *People v Galloway*, 54 NY2d at 399; *People v Safian*, 46 NY2d 181, 190 [1978]; *People v Jorgensen*, 113 AD3d 793, 795 [2014]). Further, defense counsel's failure to object to the subject comments did not constitute ineffective assistance of counsel (see *People v Friel*, 53 AD3d 667, 668 [2008]; *People v Rose*, 47 AD3d 848, 849 [2008]).

The defendant's contention that the Supreme Court erred in failing to respond to a jury note before taking the verdict is unpreserved for appellate review (see CPL 470.05 [2]; *People v Alcide*, 21 NY3d 687, 694 [2013]; *People v Ramirez*, 15 NY3d 824, 826 [2010]; *People v Braithwaite*, 126 AD3d 993, 996 [2015]; *People v Albanese*, 45 AD3d 691, 692 [2007]). In any event, the fact that a verdict was reached before the court responded to the jury note implied that the jury had resolved the issue on its own (see *People v Braithwaite*, 126 AD3d at 996; *People v Sorrell*, 108 AD3d 787, 793 [2013]; *People v Cornado*, 60 AD3d 450, 451 [2009]; *People v Albanese*, 45 AD3d at 692). Further, defense counsel's failure to object to the court's procedure in taking the verdict without responding to the jury note did not constitute ineffective assistance of counsel (see *People v Brown*, 17 NY3d 742, 743-744 [2011]; *People v Rivera*, 71 NY2d 705, 709 [1988]). Mastro, J.P., Dickerson, Austin and Maltese, JJ., concur.