# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**340/14**

**KA 09-01764**

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

              V                             MEMORANDUM AND ORDER

TERRANCE L. MACK, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------

    Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 17, 2009.  The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree. The judgment was reversed by order of this Court entered May 2, 2014 in a memorandum decision (117 AD3d 1450), and the People on June 30, 2014 were granted leave to appeal to the Court of Appeals from the order of this Court (23 NY3d 1027), and the Court of Appeals on June 7, 2016 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (27 NY3d 534).

    Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on the appeal to this Court,

    It is hereby ORDERED that, upon remittitur from the Court of Appeals, the judgment so appealed from is affirmed.

    Memorandum:  When this case was initially before us, we reversed the judgment convicting defendant upon a jury verdict of gang assault in the first degree (Penal Law § 120.07), concluding that County Court erred in failing to respond to two substantive jury notes that were followed by an additional note stating that the jury had reached a verdict (*People v Mack*, 117 AD3d 1450).  Although defendant did not object to the manner in which the court proceeded, we concluded that the court's failure to respond to the two substantive notes constituted a mode of proceedings error that did not need to be preserved (*id*. at 1451).  The Court of Appeals reversed, holding that the "alleged error" was not of the mode of proceedings variety because the court read the jury notes into the record, and defense counsel had full "knowledge of all the facts required to object to the trial court's procedure or lack of response to the jury's requests" (*People*

*v Mack*, 27 NY3d 534, 541).  The case was remitted to us "for consideration of the facts and issues raised but not determined on the [initial] appeal" (*id*. at 544).

Inasmuch as we reviewed the other substantive contentions advanced by defendant on appeal and concluded that "they are without merit" (*Mack*, 117 AD3d at 1451), the only remaining issue to be decided is whether we should exercise our power to review defendant's unpreserved contention regarding the unanswered jury notes as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We decline to do so.  As the Court of Appeals noted, defense counsel "may have made a strategic choice not to challenge the trial court's procedure," and "may have decided that the jurors were more likely to acquit defendant if they were not given the chance to deliberate further" (*Mack*, 27 NY3d at 543).  Such a strategic decision, if made, would have been entirely reasonable considering that the jury had asked for, among other things, a readback of testimony from the key prosecution witness.

Because defense counsel may have had a legitimate, strategic reason for not objecting to the court's procedure, we respectfully disagree with the dissent that defendant was "seriously prejudiced" by the court's taking of the verdict.  Indeed, as the Court of Appeals also noted, "[i]f defense counsel considered the judge's intended approach prejudicial, he certainly had an opportunity to ask him to alter course, and it behooved him to do so" (*id.*).  Moreover, when this case was last before us, we unanimously rejected defendant's contention that defense counsel was ineffective for failing to object to the court's procedure.  Any discussion of prejudice in our prior decision was dictum inasmuch as it was based on our conclusion that there was a mode of proceedings error, which is "immune . . . from harmless error analysis" and "require[s] reversal without regard to the prejudice, or lack thereof, to the defendant" (*Mack*, 27 NY3d at 540).

The dissent suggests that defense counsel may not have objected because, relying upon the *O'Rama* jurisprudence in effect at the time of trial, he anticipated that a new trial would be ordered on appeal as a result of the court's alleged error if defendant were convicted. However, at the time of defendant's trial, as now, the appellate case law in New York supported the People's contention that "the fact that a verdict was reached before the court responded to the jury note[s] implied that the jury had resolved the issue[s] on its own" (*People v Murphy*, 133 AD3d 690, 691, *lv denied* ___ NY3d ___ [June 14, 2016]; *see e.g. People v Sorrell*, 108 AD3d 787, 793, *lv denied* 23 NY3d 1025; *People v Cornado*, 60 AD3d 450, 451, *lv denied* 12 NY3d 913).  In any event, remaining silent when the trial court makes an erroneous ruling with the hope of obtaining a reversal on appeal is the type of gamesmanship that the Court of Appeals sought to discourage by determining that the "alleged error" in this case was not a mode of proceedings error (*Mack*, 27 NY3d at 543-544; *see generally People v Nealon*, 26 NY3d 152, 162).

With respect to the proof of guilt, defendant did not challenge

on appeal the weight or sufficiency of the evidence, and there is ample evidence supporting the jury's verdict. The eyewitness who saw defendant attack the victim with a bottle knew defendant from the neighborhood, having seen him "quite a few times." It was not as though she were identifying a stranger. The testimony of the jailhouse informant also was corroborated by defendant himself, who, during a recorded telephone conversation from jail with his father, essentially acknowledged that he made the damaging admissions to the informant. We therefore respectfully disagree with the dissent that justice would be served by the exercise of our discretionary power to review defendant's unpreserved contention.

All concur except CARNI and SCUDDER, JJ., who dissent and vote to reverse in accordance with the following memorandum: In our view, defendant was "seriously prejudiced" by County Court's failure to comply with its core requirement pursuant to CPL 310.30 to respond to a substantive jury note requesting further legal instruction on, inter alia, "the meaning of reasonable doubt," before accepting a verdict (*People v Lourido*, 70 NY2d 428, 435). Thus, upon remittitur from the Court of Appeals (*People v Mack*, 27 NY3d 534), we would review, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]), defendant's contention that the court's failure to respond to the note constitutes reversible error, reverse the judgment, and remit the matter for a new trial. We therefore respectfully dissent.

As we explained in our prior decision (*People v Mack*, 117 AD3d 1450), defendant was convicted of gang assault in the first degree (Penal Law § 120.07), which resulted in the death of the victim from two stab wounds. A police witness testified that 75 to 100 people may have witnessed the attack, but the only evidence implicating defendant was the testimony of two witnesses, i.e., an eyewitness and a jailhouse informant. The eyewitness was a 19-year-old woman who viewed the incident, which occurred at dusk, from a distance of 150 feet. The eyewitness advised the police on the night of the attack that she could not identify the perpetrator. She subsequently testified, however, that she had told that to the police because she was afraid. The eyewitness identified defendant in a photo array several weeks after the attack. The jailhouse informant admitted in his testimony that he had received a benefit for his testimony, that he had seen news accounts that defendant had been charged in connection with the victim's death, and that he was a friend of the victim's brother. Thus, in our view, the evidence against defendant was not overwhelming. Defendant testified that he was at his home in another city on the evening of the crime, and five defense witnesses testified either that defendant was at his home, or that he was not part of the attack on the victim.

The jury advised the court at 5:42 p.m. that it was deadlocked, after deliberating for approximately five hours, which included requests for readbacks of certain testimony of both the eyewitness and the jailhouse informant. The court instructed the jury to continue deliberating and, at 6:02 p.m., advised counsel that it would stand in recess until 7:30 p.m. There is no indication in the record that the jury was aware of the recess and, from 6:02 p.m. until the court

reconvened at 7:51 p.m., the jury sent three notes, two of which were substantive. At issue here is the note sent at 6:20 p.m., wherein the jury requested "instructions regarding the importance of a single witness in a case versus multiple witnesses and the meaning of reasonable doubt read back to us." The court received a final note at 7:54 p.m., three minutes after it had reconvened, stating that the jury had come to a verdict. The court accepted the verdict without addressing the jury's request and with no objection from defense counsel. Although " '[n]ot every failure to comply with a jury's request for information during deliberation is reversible error' " (*Lourido*, 70 NY2d at 435), we concluded in our prior decision that the error in failing to respond to the request for further legal instruction on these critical issues " 'seriously prejudiced' " defendant (*Mack*, 117 AD3d at 1451, quoting *Lourido*, 70 NY2d at 435). We adhere to our position that the error, despite the lack of preservation, warrants reversal.

The Court of Appeals and the majority correctly note that defense counsel "may have made a strategic choice not to challenge the trial court's procedure" (*Mack*, 27 NY3d at 543). The Court of Appeals used that reasoning, however, as part of its explanation for declining to include the circumstance at issue here in the category of those errors that encompass "a 'very narrow exception' to the preservation rule" (*id.* at 540). We cannot agree with the majority that the reasoning employed by the Court of Appeals to limit the category of errors that constitute mode of proceedings errors should be applied to our determination whether to exercise our interest of justice jurisdiction. We also disagree with the majority that a strategic choice of counsel to remain silent when the court advised the parties that it would accept the verdict should be used as a ground to decline to exercise our interest of justice jurisdiction under the facts presented here. Indeed, as the majority properly notes, we concluded that defendant was not denied effective assistance of counsel. In other words, in addition to the potential strategic choices the Court of Appeals addressed (*see Mack*, 27 NY3d at 543-544), counsel may have anticipated under the *O'Rama* jurisprudence in effect at the time of trial that this Court would grant defendant a new trial, which indeed we did. Notwithstanding the appellate authority from other Departments cited by the majority, the determination whether the violation of the court's core responsibility pursuant to CPL 310.30 to provide a meaningful response to the substantive jury notes constituted a mode of proceedings error was not definitively decided until the Court of Appeals decided in this case that it was not (*see id.* at 544). In our view, the determination whether to exercise our interest of justice jurisdiction should not be based upon possible defense strategies or tactics. Instead, the determination whether to exercise our interest of justice jurisdiction should be based on whether justice would be served. In our view, justice would be served under the facts presented here.

As we stated in our prior decision "there are few moments in a criminal trial more critical to its outcome than when the court responds to a deliberating jury's request for clarification of the law . . . [T]he request for a readback of the instruction on reasonable

doubt, *the determination of which is the crux of a jury's function,* and for a readback of the instruction regarding the importance of a single witness in a case versus multiple witnesses, demonstrates the confusion and doubt that existed in the minds of the jury with respect to . . . crucial issue[s] . . . The jury is *entitled* to the guidance of the court and may not be relegated to its own unfettered course of procedure" (*Mack*, 117 AD3d at 1451 [internal quotation marks omitted and emphasis added]).  The jury waited over 1½ hours for a response to its request for the clarification of those crucial legal instructions before rendering a verdict.  In our view, unlike a factual issue that the jury may resolve on its own (*see id.*), the jury could not resolve "the meaning of reasonable doubt" or "the importance of a single witness in a case versus multiple witnesses" without further guidance from the court.  We therefore conclude that reversal is warranted in the interest of justice because defendant was seriously prejudiced as a result of the court's failure to comply with its "core responsibility under the statute . . . to provide a meaningful response to the jury" before accepting the verdict (*People v Kisoon*, 8 NY3d 129, 134; *see* CPL 310.30; *People v O'Rama*, 78 NY2d 270, 277).

Entered:  August 17, 2016                          Frances E. Cafarell
                                                   Clerk of the Court