Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 17, 2009. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree. The judgment was reversed by order of this Court entered May 2, 2014 in a memorandum decision (117 AD3d 1450 [2014]), and the People on June 30, 2014 were granted leave to appeal to the Court of Appeals from the order of this Court (23 NY3d 1027 [2014]), and the Court of Appeals on June 7, 2016 reversed the order and remitted the case to this Court for consideration of the facts and issues raised but not determined on the appeal to this Court (27 NY3d 534 [2016]).
*756 Now, upon remittitur from the Court of Appeals and having considered the facts and issues raised but not determined on the appeal to this Court,
It is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from is affirmed.
Memorandum: When this case was initially before us, we reversed the judgment convicting defendant upon a jury verdict of gang assault in the first degree (Penal Law § 120.07), concluding that County Court erred in failing to respond to two substantive jury notes that were followed by an additional note stating that the jury had reached a verdict (People v Mack, 117 AD3d 1450 [2014]). Although defendant did not object to the manner in which the court proceeded, we concluded that the court’s failure to respond to the two substantive notes constituted a mode of proceedings error that did not need to be preserved {id. at 1451). The Court of Appeals reversed, holding that the “alleged error” was not of the mode of proceedings variety because the court read the jury notes into the record, and defense counsel had full “knowledge of all the facts required to object to the trial court’s procedure or lack of response to the jury’s requests” (People v Mack, 27 NY3d 534, 541 [2016]). The case was remitted to us “for consideration of the facts and issues raised but not determined on the [initial] appeal” (id. at 544).
Inasmuch as we reviewed the other substantive contentions advanced by defendant on appeal and concluded that “they are without merit” {Mack, 117 AD3d at 1451), the only remaining issue to be decided is whether we should exercise our power to review defendant’s unpreserved contention regarding the unanswered jury notes as a matter of discretion in the interest of justice {see CPL 470.15 [6] [a]). We decline to do so. As the Court of Appeals noted, defense counsel “may have made a strategic choice not to challenge the trial court’s procedure,” and “may have decided that the jurors were more likely to acquit defendant if they were not given the chance to deliberate further” {Mack, 27 NY3d at 543). Such a strategic decision, if made, would have been entirely reasonable considering that the jury had asked for, among other things, a readback of testimony from the key prosecution witness.
Because defense counsel may have had a legitimate, strategic reason for not objecting to the court’s procedure, we respectfully disagree with the dissent that defendant was “seriously prejudiced” by the court’s taking of the verdict. Indeed, as the Court of Appeals also noted, “[i]f defense counsel considered the judge’s intended approach prejudicial, he certainly had an *757 opportunity to ask him to alter course, and it behooved him to do so” (id.). Moreover, when this case was last before us, we unanimously rejected defendant’s contention that defense counsel was ineffective for failing to object to the court’s procedure. Any discussion of prejudice in our prior decision was dictum inasmuch as it was based on our conclusion that there was a mode of proceedings error, which is “immune . . . from harmless error analysis” and “require [s] reversal without regard to the prejudice, or lack thereof, to the defendant” (Mack, 27 NY3d at 540).
The dissent suggests that defense counsel may not have objected because, relying upon the O’Rama jurisprudence in effect at the time of trial, he anticipated that a new trial would be ordered on appeal as a result of the court’s alleged error if defendant were convicted. However, at the time of defendant’s trial, as now, the appellate case law in New York supported the People’s contention that “the fact that a verdict was reached before the court responded to the jury note[s] implied that the jury had resolved the issue [s] on its own” (People v Murphy, 133 AD3d 690, 691 [2015], lv denied 27 NY3d 1136 [2016]; see e.g. People v Sorrell, 108 AD3d 787, 793 [2013], lv denied 23 NY3d 1025 [2014]; People v Cornado, 60 AD3d 450, 451 [2009], lv denied 12 NY3d 913 [2009]). In any event, remaining silent when the trial court makes an erroneous ruling with the hope of obtaining a reversal on appeal is the type of gamesmanship that the Court of Appeals sought to discourage by determining that the “alleged error” in this case was not a mode of proceedings error (Mack, 27 NY3d at 543-544; see generally People v Nealon, 26 NY3d 152, 162 [2015]).
With respect to the proof of guilt, defendant did not challenge on appeal the weight or sufficiency of the evidence, and there is ample evidence supporting the jury’s verdict. The eyewitness who saw defendant attack the victim with a bottle knew defendant from the neighborhood, having seen him “quite a few times.” It was not as though she were identifying a stranger. The testimony of the jailhouse informant also was corroborated by defendant himself, who, during a recorded telephone conversation from jail with his father, essentially acknowledged that he made the damaging admissions to the informant. We therefore respectfully disagree with the dissent that justice would be served by the exercise of our discretionary power to review defendant’s unpreserved contention.
All concur except Carni and Scudder, JJ., who dissent and vote to reverse in accordance with the following memorandum.