■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOTSON NEREE, Appellant. [37 NYS3d 562]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered March 6, 2013, convicting him of grand larceny in the second degree and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's identity as the perpetrator of the crimes of grand larceny in the second degree and robbery in the third degree beyond a reasonable doubt (*see* Penal Law §§ 155.40 [1]; 160.05). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that he was denied his right to proceed pro se. At the beginning of pretrial proceedings, however, the defendant sought standby counsel to assist in his self-representation. "A criminal defendant has no Federal or

State constitutional right to hybrid representation. While the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, they do not guarantee a right to both . . . [, and] a defendant who elects to exercise the right to self-representation is not guaranteed the assistance of standby counsel during trial" (*People v Rodriguez*, 95 NY2d 497, 501 [2000] [citations omitted]). However, "[b]ecause a defendant has no constitutional right to hybrid representation, the decision to allow such representation lies within the sound discretion of the trial court" (*id.* at 502). Under the circumstances of this case, the County Court providently exercised its discretion in denying the defendant's request for hybrid representation.

The defendant also contends that the County Court violated CPL 310.30 and committed reversible error in its handling of the jury's request to view a certain surveillance video. The defendant's contention is without merit, as he suffered no prejudice due to his acquittal of the charges connected with the surveillance video. Further, the jury's subsequent note to the court stating that the jury had reached a verdict prior to the court's response to the surveillance video request indicated that the jury had resolved its questions and was no longer in need of the surveillance video (*see People v Sorrell*, 108 AD3d 787, 793 [2013]; *People v Albanese*, 45 AD3d 691, 692 [2007]; *People v Quintana*, 262 AD2d 101 [1999]).

The County Court providently exercised its discretion in sentencing the defendant as a persistent felony offender (*see* Penal Law § 70.10 [2]; *People v Bazemore*, 100 AD3d 915 [2012]; *People v Maxwell*, 22 AD3d 607 [2005]). The court's conclusion that the nature of the defendant's criminal conduct, his history, and his character warranted extended incarceration was supported by the record (*see People v Dixon*, 107 AD3d 735, 736 [2013]). Further, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Roman, Miller and Duffy, JJ., concur.