People v Meyers (2018 NY Slip Op 04757)





People v Meyers


2018 NY Slip Op 04757


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
JEFFREY A. COHEN, JJ.


2015-02398
 (Ind. No. 294/13)

[*1]The People of the State of New York, respondent,
v
Vincent Meyers, appellant.


Patrick Michael Megaro, Uniondale, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Daniel Bresnahan and Pamela Kelly-Pincus of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Jerald S. Carter, J.), dated March 12, 2015, convicting him of robbery in the second degree (two counts), assault in the second degree, criminal possession of stolen property in the fourth degree, criminal possession of stolen property in the fifth degree, criminal mischief in the fourth degree (two counts), and harassment in the second degree, upon a jury verdict, and imposing sentence. By decision and order dated March 22, 2017, this Court remitted the matter to the Supreme Court, Nassau County, for a reconstruction hearing regarding the item in the court file denominated "Court Exhibit # XIV," and thereafter a report to this Court, and the appeal was held in abeyance in the interim. The Supreme Court, Nassau County, has filed its report.
ORDERED that the judgment is affirmed.
When this appeal was first before us, we held it in abeyance and remitted the matter to the Supreme Court, Nassau County, for a reconstruction hearing to establish the circumstances surrounding "Court Exhibit # XIV," which was contained in the court file and appeared to be a jury note, but which, on the record then before us, did not appear to have led to any discussion with counsel or response to the jury, and a report thereafter. We did not, at that time, address any other issue (see People v Meyers, 148 AD3d 1057). The Supreme Court, Nassau County, has conducted the reconstruction hearing and filed its report.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we accord great deference to the [*2]jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel because his trial counsel failed to move to reopen the suppression hearing is without merit. Counsel will not be deemed ineffective for failing to pursue an argument that has little or no chance of success (see People v Flowers, 28 NY3d 536, 541; People v Brown, 13 NY3d 332, 341; People v Ennis, 11 NY3d 403, 415; People v Caban, 5 NY3d 143, 152). Here, the defendant did not establish that the witnesses' hearing testimony was inconsistent with their trial testimony, and it is unlikely that the Supreme Court would have granted an application to reopen the suppression hearing or that, if it had done so, it would have suppressed the physical evidence as a result. Accordingly, trial counsel was not ineffective for failing to make that application. Moreover, the evidence, the law, and the circumstances of the case, viewed in totality and as of the time of the representation, reveal that trial counsel provided meaningful representation (see People v Wright, 25 NY3d 769, 779; People v Caban, 5 NY3d at 152; People v Berroa, 99 NY2d 134, 138-139; People v Baldi, 54 NY2d 137, 146-147).
In its report after the reconstruction hearing, the Supreme Court concluded that "Court Exhibit # XIV" was merely a draft note that had been discarded by the jury in favor of separate notes addressing the same topics. Those notes were duly transmitted to, and addressed by, the court. The evidence presented at the reconstruction hearing supports the court's conclusion and demonstrates that the court did not fail to comply with the procedures required by CPL 310.30 and People v O'Rama (78 NY2d 270) with respect to jury notes (see generally People v Neree, 142 AD3d 1026, 1027; People v Sorrell, 108 AD3d 787, 793; People v Albanese, 45 AD3d 691, 692; People v Quintana, 262 AD2d 101). Accordingly, "Court Exhibit # XIV" affords no basis for reversal of the defendant's convictions.
RIVERA, J.P., BALKIN, CHAMBERS and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court