People v James (2018 NY Slip Op 04903)





People v James


2018 NY Slip Op 04903


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


815 KA 17-00290

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JERMAINE A. JAMES, DEFENDANT-APPELLANT. 






JEFFREY WICKS, PLLC, ROCHESTER (CHARLES D. STEINMAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Thomas R. Morse, A.J.), rendered June 30, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law
§ 160.10 [1]). Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Sommerville, 159 AD3d 1515, 1515-1516 [4th Dept 2018]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Contrary to defendant's contention, County Court's handling of two jury notes provides no basis for reversal. As the People correctly observe, the jury notes at issue related solely to charges of which defendant was acquitted. Thus, defendant was not prejudiced by any alleged error in the court's handling of those jury notes (see People v Neree, 142 AD3d 1026, 1027 [2d Dept 2016], lv denied 28 NY3d 1074 [2016]; see generally People v Mays, 20 NY3d 969, 970-971 [2012]). Moreover, the court provided the parties with notice of the jury notes and an opportunity to suggest a response (see generally People v O'Rama, 78 NY2d 270, 276-278 [1991]), and defendant was not prejudiced by the fact that the O'Rama steps may have occurred out of sequence (see People v McMahon, 275 AD2d 670, 670 [1st Dept 2000], lv denied 96 NY2d 761 [2001]; see also People v Sykes, 135 AD3d 535, 535 [1st Dept 2016], lv denied 27 NY3d 969 [2016]). Finally, defendant's contention that the court erred by marshaling only the evidence introduced by the prosecution during its response to the jury notes is raised for the first time in his reply brief and is thus not properly before us (see People v Daigler, 148 AD3d 1685, 1686 [4th Dept 2017], lv denied 30 NY3d 1018 [2017]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court