People v Mack (2021 NY Slip Op 03982)





People v Mack


2021 NY Slip Op 03982


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


1192 KA 18-01203

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TERRANCE L. MACK, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Christopher S. Ciaccio, J.), dated May 11, 2018. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Monroe County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals, by permission of this Court, from an order that denied his CPL 440.10 motion to vacate the judgment convicting him, following a jury trial, of gang assault in the first degree (Penal Law § 120.07). We previously affirmed that judgment of conviction upon remittitur from the Court of Appeals (People v Mack, 142 AD3d 755 [4th Dept 2016]).
We agree with defendant that County Court erred in limiting the scope of the hearing regarding his claim of ineffective assistance of counsel to only those alleged errors of defense counsel that could not have been raised on direct appeal (cf. CPL 440.10 [2] [a], [b]). A "claim of ineffective assistance of counsel constitutes a single ground or issue upon which relief is requested . . . [Such] a claim . . . 'is ultimately concerned with the fairness of the process as a whole' " (People v Maxwell, 89 AD3d 1108, 1109 [2d Dept 2011], quoting People v Benevento, 91 NY2d 708, 714 [1998]) and must be " 'viewed in totality' " (Benevento, 91 NY2d at 712). Although "[a] single error may qualify as ineffective assistance . . . when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]), a defendant may also establish that he or she received ineffective assistance of counsel by arguing that the cumulative effect of multiple errors rendered defense counsel's performance ineffective, even if those errors, "considered separately, may not have constituted ineffective assistance" (People v Lindo, 167 AD2d 558, 559 [2d Dept 1990]; see generally People v Barnes, 156 AD3d 1417, 1420 [4th Dept 2017], lv denied 31 NY3d 1078 [2018]). Where, as here, a defendant alleges errors of defense counsel based on both matters appearing in the record and matters dehors the record, i.e., a " 'mixed claim,' " a "CPL 440.10 proceeding is the appropriate forum for reviewing the claim of ineffectiveness in its entirety" (Maxwell, 89 AD3d at 1109 [emphasis added]; see People v Wilson [appeal No. 2], 162 AD3d 1591, 1592 [4th Dept 2018]). "That is because each alleged shortcoming or failure by defense counsel should not be viewed as a separate ground or issue raised upon the motion . . . Rather, a defendant's claim of ineffective assistance of counsel constitutes a single ground or issue upon which relief is requested . . . In other words, such a claim constitutes a single, unified claim that must be assessed in totality" (Wilson, 162 AD3d at 1592 [internal quotation marks omitted]). We thus conclude that the court erred in limiting the scope of the hearing on defendant's claim of ineffective assistance of counsel, and we reverse the order and remit the matter to County Court for a hearing on defendant's respective claims of ineffective assistance of counsel in their entirety.
We have reviewed the other contentions raised by defendant and conclude that they are without merit.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court