People v Anwar (2025 NY Slip Op 04301)

People v Anwar

2025 NY Slip Op 04301

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, OGDEN, NOWAK, AND KEANE, JJ.

145 KA 23-00735

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
OMAR ANWAR, DEFENDANT-APPELLANT. 

JAMES OSTROWSKI, BUFFALO, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (DAVID D. BASSETT OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Onondaga County Court (Theodore H. Limpert, J.), entered February 28, 2023. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is reversed on the law and the matter is remitted to Onondaga County Court for a hearing pursuant to CPL 440.30 (5) in accordance with the following memorandum: Defendant appeals by permission of this Court from an order summarily denying his motion pursuant to, inter alia, CPL 440.10 seeking to vacate a judgment convicting him upon a jury verdict of, among other things, rape in the first degree (Penal Law former
§ 130.35 [1]). We agree with defendant that County Court erred in its determination that defendant's claim that he was denied effective assistance of counsel was procedurally barred pursuant to CPL 440.10 (2) (a) (see People v Franklin, 206 AD3d 1610, 1611-1612 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]). Although on direct appeal we rejected defendant's contention that he was denied effective assistance of counsel (People v Anwar, 151 AD3d 1628, 1629 [4th Dept 2017], lv denied 30 NY3d 947 [2017]), we conclude that his present contentions are properly raised by way of a CPL 440.10 motion because they concern matters outside the record that was before us on his direct appeal (see Franklin, 206 AD3d at 1611-1612). Defendant's motion contained sufficient evidence, including "sworn allegations
. . . by . . . defendant or by another person or persons" (CPL 440.30 [1] [a]), demonstrating that a hearing is necessary to determine whether trial counsel's waiver of an interpreter for defendant adversely affected defendant's right to meaningfully participate in his own defense (see People v Maull, 218 AD3d 1236, 1240 [4th Dept 2023]; see generally People v Ramos, 26 NY2d 272, 274 [1970]; People v Perez, 198 AD2d 446, 447 [2d Dept 1993], lv denied 82 NY2d 929 [1994]). Specifically, defendant submitted evidence that, although he was able to navigate conversational topics in English, he required the assistance of an interpreter when discussing more technical or esoteric topics and that he had in fact utilized the assistance of an interpreter at all but one court appearance prior to his trial counsel waiving such services for defendant just prior to trial. "Although the evidence in support of the motion does not 'conclusively substantiate[ ] by unquestionable documentary proof' that vacatur is required due to a violation of defendant's right to [effective assistance of] counsel . . . , it is nonetheless suggestive of that fact" (Maull, 218 AD3d at 1241). Defendant is therefore entitled to a hearing "on his entire claim of ineffective assistance of counsel inasmuch as such a claim constitutes a single, unified claim that must be assessed in totality" (People v Ross, 197 AD3d 905, 907 [4th Dept 2021] [internal quotation marks omitted]; see People v Mack, 195 AD3d 1601, 1601-1602 [4th Dept 2021]). Thus, we reverse the order and remit the matter to County Court for such a hearing.
We have reviewed the other contentions raised by defendant and conclude that they do not require a different result.
All concur except Bannister and Keane, JJ., who dissent and vote to affirm in the following memorandum: We respectfully dissent. We agree with the majority that County Court erred in its determination that defendant's ineffective assistance of counsel claim was procedurally barred pursuant to CPL 440.10 (2) (a) (see People v Franklin, 206 AD3d 1610, 1611-1612 [4th Dept 2022], lv denied 38 NY3d 1150 [2022]). Nonetheless, we would have affirmed the order. We agree with the court that defendant's motion alleging, inter alia, ineffective assistance of counsel "is both legally and factually insufficient to warrant the relief requested." We therefore disagree with the majority that defendant's motion contained sufficient evidence demonstrating that a hearing is necessary to determine whether defense counsel's waiver of an interpreter for defendant adversely affected defendant's right to meaningfully participate in his own defense.
The initial determination that defendant did not need a translator was made sua sponte by the court at the final pretrial conference. Defense counsel acquiesced, responding that, "in speaking to [defendant], for the record, he is not requesting an interpreter." Defendant made no protest to the court or defense counsel with respect to the determination that he did not need a translator. Defendant thereafter testified at trial without the necessity of, or a request for, a translator. In offering his testimony, defendant demonstrated that he has conversational English skills, which belies any assertion that he needed a translator.
"In order '[t]o prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations' for defense counsel's allegedly deficient conduct" (People v Jackson, 132 AD3d 1304, 1306 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; see People v Rivera, 71 NY2d 705, 709 [1988]), and defense counsel is not ineffective for failing to make an application with little or no chance of success (see People v Cox, 75 AD3d 1136, 1136 [4th Dept 2010], lv denied 15 NY3d 919 [2010]). Although defense counsel waived any request for a translator after purportedly conferring with his client, he did so only after the court issued a sua sponte ruling that defendant did not need a translator, leading us to conclude that any request for an interpreter by defense counsel would have had little or no chance of success.
Moreover, defendant's posttrial motion was filed over 10 years after his 2012 trial and conviction. Thus, he chose to proceed to trial and, only after obtaining an unfavorable verdict, contends that he was denied effective assistance of counsel as a result of, inter alia, defense counsel's waiver of any request for a translator. "Where . . . a defendant is adequately represented by competent counsel, and despite numerous opportunities to do so, fails to inform the court about any inability to understand the English language, he cannot be heard to complain in a collateral attack that his conviction was secured without due process of law" (People v Ramos, 26 NY2d 272, 274 [1970]; see People v Ramos, 25 AD2d 791, 791 [3d Dept 1966]; see also People v Hernandez, 8 NY2d 345, 348 [1960], cert denied 366 US 976 [1961]). "Otherwise, it would be possible for a defendant to remain silent throughout the trial, and take a chance of a favorable verdict—failing in which, he could secure a new trial upon the ground that he did not understand the language in which the testimony was given. The absurdity of such a proposition is self-evident" (Ramos, 26 NY2d at 275).
In our minds, and on these facts, the court did not err in denying without a hearing the motion with respect to defendant's claim that defense counsel was ineffective for waiving any request for a translator inasmuch as that claim lacks the requisite support in the motion papers (see CPL 440.30 [4] [b]; see also People v Reyes, 158 AD2d 626, 627 [2d Dept 1990], lv denied 77 NY2d 965 [1991]).
We have reviewed defendant's remaining contentions and conclude that none warrants modification or reversal of the order.
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court